### 1237. YEATES *v.* ROBERSON, sheriff.

1. The fifth amendment of the constitution of the United States,—"nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb,"—has no application in this State in a case where a person invokes its protection as against a second trial granted on his own motion.

2. The defense of autrefois acquit or convict should be interposed on arraignment; and where this is not done, the defendant can not, subsequently to his conviction, set up this constitutional inhibition, by habeas corpus proceedings, as a ground for discharge. The law does not contemplate that a writ of habeas corpus can be converted into a writ of error.

3. Whether the act of the General Assembly of 1896 (Acts of 1896, p. 42),. which provides that "in all cases decided by a full bench of six Justices the concurrence of a majority shall be essential to a judgment of reversal, and if the Justices are evenly divided, the judgment of the court below shall stand affirmed," is in contravention of the fourteenth amendment of the constitution of the United States, because it deprives the citizen of the equal protection of the law, is not necessary to the determination of the present case; and this court declines to certify the question to the Supreme Court for decision.

4. This court has the right to grant a' supersedeas of a judgment of a lower tribunal pending a review of such judgment on writ of error to this. court, when necessary to the full exercise of its appellate jurisdiction.. The facts of this case, set out in the bill of exceptions, do not warrant the grant of an order staying the execution of the judgment.

Habeas corpus, from city court of Macon—Judge Hodges. June 11, 1908.

Argued June 14,—Decided July 25, 1908.

James S. Yeates, was indicted in the superior court of Decatur county for the crime of murder, and on his trial was convicted of voluntary manslaughter. The Supreme Court of the State granted a new trial. 127 *Ga.* 813 (56 S. E. 1017). On his second trial under the indictment for murder, he was convicted of that offense, with a recommendation that he be sentenced to the penitentiary for life. He again filed a motion for a new trial, which being overruled, he sued out a writ of error to the Supreme Court of the State, and the judgment of the lower court was affirmed by operation of law, the Justices of the Supreme Court being equally divided in opinion. 129 *Ga.* 636 (59 S. E. 771). Subsequently he made an application to the judge of the United States court for the southern district of Georgia for a writ of habeas corpus, for reasons therein set forth, which application was refused. To this judgment he sued out a writ of error to the Supreme Court of the United States. This last court, on May 4, 1908, affirmed the final order in the case. When the remittitur from the Supreme Court of the United States was made the judgment of the district court on June 11, 1908, he filed an application to the judge of the city court of Macon for a writ of habeas corpus. His application for the writ was denied; and to this judgment he sued out a writ of error to this court.

His application for the writ of habeas corpus, made to the judge of the United States district court for the southern district of Georgia, and his application to the judge of the city court of Macon set out the same reasons for the grant of the writ. These reasons are as follows: (1) That his conviction of the offense of murder on his second trial in the superior court, on the same indictment on which he had been previously convicted for the offense of voluntary manslaughter, was illegal, the offense of voluntary manslaughter being a lesser grade of homicide and included in the charge of murder; that notwithstanding he had asked for and obtained a new trial when convicted of the offense of voluntary manslaughter, he could not again be put on trial for the offense of murder, as to do so would contravene the fifth amendment of the constitution of the United States; in other words, that his conviction of the offense of voluntary manslaughter, on his first trial on the indictment for murder, acquitted him of the greater offense of murder, and that the State, after he had been granted a

new trial by the Supreme Court, could subsequently place him on trial only for the offense of voluntary manslaughter; that his trial on the indictment for murder and his conviction of voluntary manslaughter operated as an acquittal of the offense of murder. (2) As a further ground for the grant of the writ of habeas corpus, he alleges that in the decision of his case in the Supreme Court of Georgia, the Justices of that court were equally divided in number, three being in favor of reversing the judgment, and three for affirming it, and that thereupon the judgment of the trial court stood affirmed, under the provisions of the act of the General Assembly of Georgia, passed December 17, 1896 (Acts 1896, p. 42), which provides that "In all cases decided by a full bench of six Justices, the concurrence of the majority shall be essential to a judgment of reversal, and if the Justices are evenly divided, the judgment of the court below shall stand affirmed." He alleges that the act "is unconstitutional and deprives him of his liberty, without due process of law and without the equal protection of the law, contrary to the fourteenth amendment of the constitution of the United States; because said act deprives the citizen of his right to have a judicial determination of his guilt by a reviewing court." He asked that these constitutional questions be certified by this court to the Supreme Court of the State, for decision.

When the case was called in this court for argument, the plaintiff in error made an application here for a supersedeas of the sentence of the superior court of Decatur county, until the questions herein made could be finally determined.

*John R. Cooper,* for plaintiff in error.

*William Brunson, solicitor-general, W. D. Sheffield,* contra.

HILL, C. J. (After stating the foregoing facts.)

1. It is admitted by learned counsel for the plaintiff in error that this court is not required to certify to the Supreme Court the question raised by the first reason assigned by him for the writ of habeas corpus, it presenting no new question of the construction of any constitutional provision, but a question only as to the application of a constitutional provision to the facts of this case, as determining the rights of the plaintiff in error. The fifth amendment of the constitution of the United States,—"nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb,"—has no application in a State where,

by constitutional provision, it has been abrogated by the condition that a person may be again tried "on his or her own motion for a new trial after conviction, or in case of mistrial." The constitution of this State provides that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial." Constitution of 1877, art. 1, sec. 1, par. 8 (Civil Code, § 5705). This provision of the constitution has been construed by the Supreme Court in a case directly in point: "The true intent and meaning of par. 8, sec. 1, art. 1 of the constitution, which declares that 'No person shall be put in jeopardy of life, or liberty, more than once for the same offense, save on his or her own motion for a new trial after conviction, or in case of mistrial,' is that one who, after conviction upon an indictment, voluntarily seeks and obtains a new trial thereon, becomes subject to another trial generally for the offense therein charged." *Waller* v. *State,* 104 *Ga.* 505 (30 S. E. 835). Waller had been indicted for the crime of murder, and on his trial had been convicted of voluntary manslaughter, and, upon his own motion, a new trial had been granted him. It was held by the Supreme Court that he could again be tried for the crime of murder. And the conviction of Waller on the second trial, of the offense of murder, was sustained not only upon the ground that he had been granted a new trial upon his own motion, and thereby waived the constitutional guaranty against a second trial for the same offense, following the decision of the circuit court of the United States, in the case of United States *v.* Harding, 1 Wallace Jr. 127, but his conviction was distinctly placed upon the provision of the State constitution itself, that former jeopardy could not be pleaded in bar of a second trial, where the first judgment had been set aside and a new trial granted on the plaintiff's own motion. This principle is recognized as sound by the Supreme Court of the United States, in the following language: "In our opinion the better doctrine is that which does not limit the court or jury, upon a new trial, to a consideration of the question of guilt of the lesser offense of which the accused was convicted on the first trial, but that a reversal of the judgment of conviction opens up the whole controversy and acts upon the original judgment as if it had never been. The accused by his own action has obtained a reversal of the whole judg-

ment, and we see no reason why he should not, upon a new trial, be proceeded against as if no trial had previously taken place. . . If he chooses to appeal from it and to ask for its reversal, he thereby waives, if successful, his right to avail himself of the former acquittal of the greater offense contained in the judgment which he has himself procured to be reversed." Trono *v.* United States, 199 U. S. 533 (50 L. ed. 292, 26 Sup. Ct. 121). Therefore, so far as the State of Georgia is concerned, this question is not now an open one. A different rule prevails in some of the States, which have no constitutional provision on the subject similar to the one in Georgia.

Again, the power conferred upon courts to grant writs of habeas corpus does not contemplate that this writ can be converted into a writ of error; and this seems to be the manifest purpose, in so far as the question of jeopardy is concerned, of the petition for the writ in the present case. This objection should have been made in the trial court on the second trial, by a plea of autrefois acquit; and if the plea had been overruled by the court, or if there had been a finding thereon against the defendant, the judgment could have been reviewed by the Supreme Court of Georgia. It is well settled that the defense of former jeopardy, or of former acquittal or conviction, does not entitle the prisoner to be discharged ·on habeas corpus. 21 Cyc. 305; Ex parte Parks, 93 U. S. 18 (23 L. ed. 787); Whitten *v.* Tomlinson, 160 U. S. 231 (40 L. ed. 406, 16 Sup. 'Ct. 297).

2. The act approved December 17, 1896 (Georgia Laws of 1896, p. 42), which provides that in all cases decided by a full bench of six Justices a concurrence of the majority shall be essential to a reversal, and if the Justices are evenly divided, the judgment of the court shall stand affirmed, is asserted to be unconstitutional, as it deprives plaintiff in error of his liberty without due process of law and without the equal protection of the law, contrary to the fourteenth amendment of the constitution of the United States, which guarantees to the citizen the right to have a judicial determination of his guilt by a reviewing court; and we are requested to certify the constitutional question, thus made, to the Supreme Court of the State for decision. The constitutional amendment creating this court provides, that "where, in a case pending in the Court of Appeals, a question is raised as to the

37

construction of a provision of the constitution of this State or of the United States, or as to the constitutionality of an act of the General Assembly of this State, and a decision of the question is necessary to the determination of the case, the Court of Appeals shall so certify to the Supreme Court," etc. The attack made by the plaintiff in error is on the constitutionality of the act of the General Assembly of the State, above noted, and if, in the opinion of this court, a decision of the question thus made is necessary for the determination of the case, it would be our duty to certify such question to the Supreme Court for decision. We do not think, however, that the constitutionality of the act in question is necessary to the determination of the present case by this court. If this act did not exist, the same result would necessarily follow an equal division of the Justices of the Supreme Court as to the questions made by writ of error to that court. The burden is on the plaintiff in error to show error; and where his effort in this direction results in an equal division of the Justices of the court, he has not successfully carried this burden, and in no event can it be claimed that an equal division of the Justices of the appellate court could effect a reversal of the judgment of the lower court. Such judgment must necessarily stand affirmed in that event. Besides, the right to review by appeal did not exist at common law, and is not now a necessary element of due process of law. Even to this day in England there is no right of appeal in a criminal case; and in this country the State is not bound to provide, as a part of the administration of its criminal law, a Court of Appeals for final review. It is within the discretion of the State to allow, or not to allow, such appeal; and, in the exercise of this discretion, it may provide the terms and conditions upon which the judgment of the lower court may be reviewed, affirmed, or reversed. "An appeal from a judgment of conviction is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment in a criminal case . . was not at common law, and is not now, a necessary element of due process of law." McKane *v.* Durston, 153 U. S. 684 (38 L. ed. 867, 14 Sup. Ct. 913).

3. This court, in our opinion, has the right to grant a supersedeas in a proper case, where the ends of justice require it and

where it is necessary to carry out its review of the judgment of an inferior tribunal. Civil Code, §5498, par. 3. Even without statutory authority, it is probable that this court, as a Court of Appeals, and for the correction of errors of law, would have inherently the right in extraordinary cases to issue a supersedeas for the purpose of administering justice pending the review of the judgment of an inferior tribunal. Under the facts set out in the bill of exceptions in this case, we are satisfied that neither the administration of justice nor the exigencies of the situation would justify us in granting a supersedeas. The facts as set out by the plaintiff in error lead to the conclusion that he is not entitled to have any stay of the execution of the sentence of the superior court, imposed upon him on his conviction of the offense of murder. We are persuaded that the appeal in this case, although constitutionally pretentious, is in fact frivolous, and a mere sham for the purpose of delaying the administration of the criminal law of this State. Technically considered, every question made in the petition for a writ of habeas corpus is res adjudicata. The plaintiff in error, according to his own statement as set out in his bill of exceptions, has had accorded to him every right guaranteed to him by the constitution and the laws of the United States and of this State, and he is now engaged in trifling with the due administration of the laws, in an effort to delay the orderly execution of justice.       *Judgment affirmed.*

RUSSELL, J. I concur in the judgment of the court and in the conclusions of law, but do not join in the criticisms of the motives of the plaintiff in error.