Ex parte GREEN et al.

(District Court, S. D. New York. November 19, 1908.)

1. HABEAS CORPUS (§ 113*) — APPEAL FROM JUDGMENT DISCHARGING WRIT — STAY PENDING APPEAL.

Under rule 33 of the Circuit Court of Appeals (79 C. C. A. xxxvi, 150 Fed. xxxvi) which provides that on an appeal from a decision of the court discharging a writ of habeas corpus the prisoner may, for good cause shown, be detained in the custody of the court or be enlarged upon recognizance, a prisoner indicted for crime in one district and apprehended in another, who after a full hearing before a commissioner has been ordered returned for trial and whose application for discharge on habeas corpus has been denied, is not entitled as a matter of right to a stay pending an appeal, and unless probable cause for an appeal is shown.

[Ed. Note.—For other cases, see Habeas Corpus, Dec. Dig. § 113.*]

2. BAIL (§ 44*)—RIGHT TO BAIL.

Under rule 33 of the Circuit Court of Appeals (79 C. C. A. xxxvi, 150 Fed. xxxvi), providing that on appeal from an order discharging a writ of habeas corpus the prisoner may be detained in custody or enlarged on recognizance, a prisoner indicted in one district and apprehended in another is not entitled as a matter of right to be admitted to bail.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 44.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

The petitioners, Morris Green and Martin Green, indicted for violation of the postal laws in the Middle district of Pennsylvania and arrested in the Southern district of New York, after examination were committed to the custody of the marshal by a United States commissioner to await the issuance of a warrant of removal. A writ of habeas corpus was issued to inquire into the legality of their detention, which, after a hearing, was dismissed. An application was thereupon made for allowance of an appeal, for a supersedeas, and for bail pending appeal.

Max J. Kohler, for the motion.

Henry L. Stimson, U. S. Atty., and Francis W. Bird, Asst. U. S. Atty., opposed.

HOLT, District Judge. The right to a stay in this case depends upon the second paragraph of rule 33 of the Circuit Court of Appeals (79 C. C. A. xxxvi, 150 Fed. xxxvi). That provides that on an appeal from a decision of the court discharging a writ of habeas corpus the prisoner may, for good cause shown, be detained in the custody of the court or be enlarged upon recognizance. I think there is no good cause shown in this case. In my opinion, the law as it exists does not require that, when a man has been indicted for a crime in one district of the United States, and has been apprehended in another and has had a full hearing before a commissioner on the question of his removal, he should be entitled as of course to a stay on an appeal from the decision holding that he should be removed, unless the judge is convinced that there is probable cause for an appeal on some ground of error. Prisoners in this class of cases should not be permitted to delay their trial for several years by litigation as to the mere question whether they shall be taken across the state line for trial, unless some probable cause for an appeal is shown.

The motion for bail and for a supersedeas is denied.