### 7711.  MADDOX *et al.* v. THE STATE.

The grant or refusal of bail to the accused, after conviction and after the filing of a motion for a new trial, which was pending, was a matter within the discretion of the judge of the trial court; and his refusal of bail was not an abuse of discretion.

DECIDED OCTOBER 24, 1916.

Application for bail; from city court of Dublin—Judge Hicks. June 22, 1916.

*Fred Kea,* for plaintiffs in error. *S. P. New, solicitor,* contra.

HODGES, J. Plaintiffs in error, having been convicted in the city court of violating the prohibition law, and having filed a motion for a new trial, which was pending, applied for bail, and on this application the judge passed the following order: "The above and foregoing read and considered. The above defendants, each and all, have heretofore given the courts of Laurens county, and the municipal authorities of Dublin, much trouble, for having violated the prohibition laws of Georgia, and being notoriously and publicly recognized and familiarly known as the leading blind-tigers of the county, and the court being satisfied that to let the defendants out on bond would virtually amount to a permit to the defendants to perpetuate and continue the unlawful sale of whisky, to the annoyance and disturbance of the peace and tranquillity of the community, and [it] being no uncommon thing for the defendants to have their bonds forfeited heretofore for the violation of the prohibition laws, and for other reasons satisfactory to the court, it is ordered and adjudged that the request for bail, as set forth in the above and foregoing petition, be and the same is hereby denied." There was no abuse of discretion on the part of the presiding judge in this case. *Jernagin* v. *State,* 118 *Ga.* 307 (45 S. E. 411), and cases cited.        *Judgment affirmed.*