HAMES *v.* STURDIVANT, chief of police.

GILBERT, Justice. The evidence being conflicting in the hearing on the writ of habeas corpus, the court did not err in remanding the petitioner to the proper custody. *Judgment affirmed. All the Justices concur.*

No. 10947. NOVEMBER 16, 1935.

*James R. Venable, J. B. Wood, Robert F. Turnipseed,* and *Frank A. Bowers,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.

HAMES *v.* STURDIVANT, chief of police.

No. 10950. NOVEMBER 16, 1935.

*J. B. Wood, James R. Venable, Frank A. Bowers,* and *Robert F. Turnipseed,* for plaintiff.

*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* for defendant.

GILBERT, Justice. Frank Hames sued out a writ of habeas corpus in the superior court of Fulton County, alleging that he was illegally detained by T. O. Sturdivant, chief of police of the City of Atlanta. While being detained, the Governor of the State had issued its warrant of extradition to release the prisoner to the State of Alabama as a fugitive from justice. Upon the hearing of the writ the court remanded Hames to the custody of the officer. Hames filed his bill of exceptions to have the case reviewed by this court, and on the following day applied for a supersedeas bond, which was denied. Petitioner excepted.

The exact question has not been before this court, but we think it is controlled by *Irwin* v. *Jackson,* 34 *Ga.* 101, where it was held: "The filing of a bill of exceptions to the decision of the