199 So. 809

## In re VERNON.

3 Div. 337.

Supreme Court of Alabama.

Jan. 30, 1941.

Walter S. Smith and Cora R. Thompson, both of Birmingham, for petitioner.

Thos. S. Lawson, Atty. Gen., opposed.

PER CURIAM.

Joe Vernon was duly convicted of murder in the first degree with infliction of the death penalty. Upon appeal to this court the judgment of conviction was affirmed. No motion to quash the indictment was presented or filed on the trial by his counsel, and the matter of the invalidity of the indictment on the ground that members of the colored race were systematically omitted from the jury box was presented for the first time on motion for a new trial.

This question was here reviewed on appeal of the cause and the holding was that the question was presented too late and of consequence waived. See Vernon v. State, 239 Ala. 593, 196 So. 96. So far as the matter of voluntary confession was concerned, that was also fully reviewed on appeal to this court and found without merit.

Petitioner, Joe Vernon, then sought a review to the Supreme Court of the United States and that court denied the writ and declined to further review the cause. Joe Vernon v. State, 61 S.Ct. 135, 85 L.Ed. ——. There have been previous suspensions of the sentence of the court that the defendant might have ample time for proper presentation of his case.

And it now appears that petitioner sought by habeas corpus to raise the question of the invalidity of the indictment upon the same grounds as set up in the motion for a new trial and which were fully reviewed by this court on appeal. Petitioner's writ

of habeas corpus being denied, he has prosecuted an appeal to this court. Sec. 3238, Code 1923.

There is no statute which calls for a suspension of the execution of the sentence of the court on such appeal. Perhaps the court would have the inherent power to so suspend the sentence, a matter which would be directed to this court's sound discretion. Yeates v. Roberson, 4 Ga.App. 573, 62 S.E. 104; Ex parte Green, D.C., 165 F. 557; 29 C.J. 189-90.

We are of the opinion the petition for writ of habeas corpus upon its face discloses that the proceedings present but a second effort to review the questions fully considered and determined on the appeal both in this court and the Supreme Court of the United States. It is indeed but a collateral attack upon the decisions of these two courts rendered after due consideration. Of consequence, the court is of the opinion no order for suspension of the sentence or further postponement should here be entered.

It is therefore ordered that petitioner's application for a suspension of the sentence of the court or a postponement thereof be and is hereby denied.

All Justices concur, except KNIGHT, J., not sitting.