JOHNSON *v.* ALDREDGE, sheriff.

No. 13753. MAY 16, 1941.

· *C. G. Battle,* for plaintiff. *John A. Boykin, solicitor-general, Bond Almand, solicitor,* and *Durwood T. Pye,* for defendant.

GRICE, Justice. It is in effect stated in the brief of counsel for the plaintiff that his client has been convicted of a misdemeanor and sentenced therefor, and that the object of the application for habeas corpus was to secure her release, her insistence being that she held a pardon from the Governor. In the brief by the defendant in error there is nothing to negative that statement. Under rule 15 of this court we are authorized to take as true the statement above referred to. There are numerous provisions of our law in regard to bail, such as giving bail in a court of inquiry (Code, § 27-418) ; for the giving of bail before a judge of the superior court

(§ 27-901); requiring acceptance of a reasonable amount of bail in misdemeanor cases (§ 27-902); that the rule nisi shall operate as a supersedeas on motion for new trial in criminal cases (§ 70-308); and on the filing of a bill of exceptions, where the offense is bailable, the allowance of a supersedeas bond in criminal cases (§ 6-1005). There is no express provision, however, for the allowance of bail to one who has unsuccessfully sought release from custody in a habeas-corpus case. It has been held that the grant or refusal of bail to the accused after conviction and after the filing of a motion for a new trial, which was pending, was a matter within the discretion of the judge of the trial court. *Jernagin* v. *State,* 118 *Ga.* 307 (45 S. E. 411); *Vanderford* v. *Brand,* 126 *Ga.* 67 (54 S. E. 822, 9 Ann. Cas. 617); *Maddox* v. *State,* 18 *Ga. App.* 712 (90 S. E. 377). The case last cited involved a misdemeanor, but was decided before the act of August 21, 1922, hereinafter referred to. These were criminal cases where the accused were seeking to have the correctness of their convictions reviewed. Such is not the case before us.

In *Corbett* v. *State,* 24 *Ga.* 391, the accused was found guilty of forgery. Pending a motion in arrest of judgment, he moved that the court admit him to bail. This was refused by the judge, on the ground that the case was not bailable after a verdict of guilty had been rendered. A reversal was had on the ground that the trial court based its decision on the want of power in the court to admit to bail in an infamous crime, the Supreme Court holding that in such a situation the whole subject is under the control of the court "until the accused is in execution." In *Irwin* v. *Jackson,* 34 *Ga.* 101, a habeas-corpus case, it was ruled that the filing of a bill of exceptions to the decision of the judge does not operate as a supersedeas. "But the applicant must remain in the condition in which he is placed by the judgment, whether exception be taken or not." In *Hames* v. *Sturdivant,* 181 *Ga.* 472 (182 S. E. 600), it was ruled that the filing of a bill of exceptions to the decision of the judge in the hearing of a habeas-corpus case, where the petitioner is being detained under an extradition warrant, does not operate as a supersedeas, "and, pending the decision on appeal, the petitioner must remain in the condition in which he is placed by the judgment." One reason why our law makes no provision for bond in a case like this may perhaps be found in that part of

the opinion of Judge Lyon in *Irwin* v. *Jackson,* supra, where he pointed out that a habeas-corpus case is not a criminal case, but a civil proceeding in which there is no eventual condemnation-money; and besides, there is no one authorized to collect or recover the money in case of its forfeiture, even if damages would lie for a breach of the bond. Mr. Justice Gilbert, in *Hames* v. *Sturdivant,* supra, added another reason: "Furthermore, if a bond be given, there is nothing to .prevent the flight of the accused, and by repeated habeas-corpus proceedings he would, in effect, though each time apprehended, be able to defeat the administration of the law of the State where he is charged with a crime."

But it is contended that under the latter part of § 27-901 (supra) the plaintiff in error is entitled to bail. That section deals with criminal cases, and provides the officer before whom certain offenses are bailable. Originally the section was as follows: "Capital offenses are bailable only before a judge of the superior court; and this is, in every case, a matter of sound discretion. All other cases are bailable by the committing court." By an act approved August 21, 1922 (Ga. L. 1922, p. 51), the section was amended by adding the following: "At no time, either before the commitment court, when indicted, after a motion for a new trial is made, or while a bill of exceptions is pending, shall any person charged with a misdemeanor be refused bail." The plaintiff in error is not a person "charged with a misdemeanor." She has been convicted. She has no motion for new trial pending, and no bill of exceptions complaining of her conviction. The section just cited has no application to her case. Our conclusion is that it was not erroneous to refuse bail. *Judgment affirmed. All the Justices concur.*