## KELLEY v. SHEEHAN.

ATKINSON, Presiding Justice. There was no abuse of discretion in refusing a new trial, the motion therefor being based on the general grounds only, and the evidence on the material issues being in direct conflict.

*Judgment affirmed. All the Justices concur.*

No. 13730. JUNE 16, 1941.

*H. W. McLarty,* for plaintiff in error.

## MUCKLE v. ALDREDGE, sheriff.

ATKINSON, Presiding Justice. The instant application for the writ of habeas corpus is dependent on the validity of an order passed by the Governor on July 2, 1940, purporting to reinstate a conditional pardon granted on November 8, 1939, and to cancel a subsequent order of March 8, 1940, purporting to revoke such conditional pardon. In *Muckle* v. *Clark,* 191 *Ga.* 202 (12 S. E. 2d, 331) it was adjudged that the conditional pardon of November 8, 1939, had become void for violation of the condition. *Held:*

1. The conditional pardon having become void for violation of a 'condition, and having been so adjudicated in a judicial proceeding, it could not be restored to validity by an executive order which purported merely to reinstate it and to cancel an order purporting to revoke it. While the Governor could have granted a new pardon upon the same or other lawful conditions, or even without condition, yet the order of July 2, 1940, did not purport to be a new pardon and was not the equivalent thereof, and did not have the effect of reviving the pardon of November 8, 1939.

2. The judge did not err in sustaining the demurrer to the application for habeas corpus, and in remanding the prisoner to custody.

3. There was no error in denying application for bail, pending decision by Supreme Court on review of the judgment of dismissal in the habeas-corpus proceeding. *Johnson* v. *Aldredge,* 192 *Ga.* 209.

*Judgment affirmed. All the Justices concur.*

No. 13733. JUNE 16, 1941.

*R. B. Giles,* for plaintiff.

*John A. Boykin, solicitor-general, Bond Almand, solicitor,* and *Durwood T. Pye,* for defendant.