# 566

DUCKWORTH, Justice. 1. Where, after a conviction in the criminal court of Fulton County on October 6, 1943, of the offense of vagrancy, the trial judge suspended the sentence upon terms named in the order, such order had the effect, under the act of 1933 (Ga. L. 1933, p. 266, Code, § 27-2706), of placing the defendant on probation as provided in the Code, §§ 27-2702 to 27-2705, inclusive, and a subsequent order, revoking the suspension of the sentence under the provisions of the Code, § 27-2705, upon a hearing pursuant to a proper motion to revoke because of the alleged violation of the terms of the original order, was, until reversed or set aside, conclusive of the right of the sheriff to the custody of the defendant.

2. The contention upon a habeas-corpus proceeding that, inasmuch as an application for certiorari had been sanctioned to review the order of the trial judge revoking the suspension of the sentence, the petitioner, who had been denied bail, was entitled to bail as a matter of right under the Code, § 27-901, which provides that, "At no time, either before the commitment court, when indicted, after a motion for new trial is made, or while a bill of exceptions is pending, shall any person charged with a misdemeanor be refused bail," is without merit, for the reason that such provision of the statute has no application where, as here, the conviction is not brought into question, and it is sought by the sanctioned certiorari only to have reviewed the order of the trial judge revoking the order suspending the sentence; the petitioner not merely having been "charged with a misdemeanor," but having been convicted, and there being no motion for new trial pending or bill of exceptions filed complaining of the conviction. Accordingly, the judge of the superior court did not err upon the habeas-corpus hearing in remanding the petitioner to the custody of the respondent. Compare *Johnson* v. *Aldredge*, 192 *Ga.* 209, 212 (14 S. E. 2d, 757).

*Judgment affirmed. All the Justices concur.*

No. 14999. NOVEMBER 22, 1944.

James R. Venable and *Frank A. Bowers,* for plaintiff.

*John A. Boykin, solicitor-general, Lindley W. Camp, solicitor,* and *Durwood T. Pye,* contra.