34546.   ALLEN *v.* PRATT, Judge.

Decided February 28, 1953.

*Geo. W. Westmoreland, Jas. W. Arnold,* for petitioner.

GARDNER, P. J. When the judge of the superior court below signed and certified the bill of exceptions assigning error on the denial by that court of the defendant's extraordinary motion for a new trial, the Court of Appeals became vested with jurisdiction of the case. The Court of Appeals may compel the trial judge in a proper case to sign and certify a bill of exceptions. The court may entertain the petition for mandamus for that purpose, and deny or overrule or grant it, as is proper under the circumstances and the law. So the Court of Appeals may compel the judge of the superior court in a case of which it has jurisdiction to grant a supersedeas, and, if necessary, to admit the party to a supersedeas bail. *Yeates* v. *Roberson*, 4 *Ga. App.*

573 (4) (62 S. E. 104). It now remains to be seen whether or not the Judge of the Superior Court of Jackson County, respondent herein, should have granted the supersedeas and assessed the amount of the appeal bond and permitted the defendant in the case to be released on a supersedeas appeal bond. "Capital offenses are bailable only before a judge of the superior court; and this is in every case, a matter of sound discretion. All other cases are bailable by the committing court. At no time, either before the commitment court, when indicted, after a motion for a new trial is made, or while a bill of exceptions is pending, shall any person charged with a misdemeanor be refused bail." Code, § 27-901.

To this court the legislative intent seems clear. In 1922 (Ga. L. 1922, p. 51), the General Assembly amended Code § 27-901 by adding thereto the last portion, viz.: "At no time, either before the commitment court, when indicted, *after a motion for a new trial is made, or while a bill of exceptions is pending*, shall any person charged with a misdemeanor be refused bail." (Italics ours.) It does not seem to this court that the General Assembly could have been any more explicit in expressing their intention in regard to misdemeanor offenses. When the trial judge entertained this extraordinary motion for a new trial, which he was not compelled to do (see *Loomis v. Edwards*, 80 *Ga. App.* 396, 56 S. E. 2d, 183), there was a motion for new trial pending. The State made a counter-showing, and the court heard the motion, denying the same. Thereupon the movant for new trial, Allen, presented to the trial court his bill of exceptions, assigning error on the overruling of his extraordinary motion for a new trial, and the trial judge certified it. There was then a "bill of exceptions" pending, in a misdemeanor case. Where a bill of exceptions is filed as specified in Publishers' Pocket Supp. to Code § 6-1001, Code § 6-1005 provides that it "shall operate as a supersedeas." Under the provision of the section above referred to (Code § 27-901), as amended in 1922, it was the duty of the trial judge when he signed and certified the bill of exceptions to assess the amount of bail and permit the defendant to make a supersedeas bond. The defendant was entitled thereto under the above statute as a matter of right. This would not be the situation if the offense was a felony instead of a misdemeanor.

When the court has signed the bill of exceptions, investing this court with jurisdiction, this court has the power and jurisdiction to require the trial court by mandamus to assess the amount of the supersedeas bail and admit the defendant in·error to bail. *Yeates* v. *Roberson,* supra. See also, on the foregoing question, *Johnson* v. *Aldredge,* 192 *Ga.* 209 (14 S. E. 2d, 757) ; *Cain* v. *Grimes,* 198 *Ga.* 566 (32 S. E. 2d, 302) ; *Vanderford* v. *Brand,* 126 *Ga.* 67 (54 S. E. 822) ; *Crumley* v. *Gibbs,* 149 *Ga.* 119 (99 S. E. 297). It is to be kept in mind that the rule is different where the plaintiff in error, even in a misdemeanor case, is not bringing in question the legality of his conviction, but is seeking a review of alleged errors subsequent thereto. See *Cain* v. *Grimes,* supra; *Muckle* v. *Aldredge,* 192 *Ga.* 426 (15 S. E. 2d, 605).

In dealing with an extraordinary motion for a new trial (in a misdemeanor case), the trial judge is vested with a broad discretion. He may even not entertain it. If he does entertain it and in the proper exercise of his discretion denies it or overrules it, he will not be required by mandamus to sign a bill of exceptions to the appellate courts. In such event the defendant would not be entitled to a supersedeas bond in a case like the instant one. But if, as here, the judge does sign a bill of exceptions in a misdemeanor case to an extraordinary motion for a new trial, he is bound to allow a supersedeas bond pending the bill of exceptions, which he signed, under the law enacted by the General Assembly (Ga. L. 1922, p. 51; Code, § 27-901). See *Loomis* v. *Edwards,* supra.

It follows that the mandamus nisi is made absolute.

*Townsend and Carlisle, JJ., concur.*