HODGES *v.* BALKCOM, Warden.

HAWKINS, Justice. The record in this case, a habeas corpus proceeding, brought by Margaret Hodges against the Warden of the State Prison, discloses that the plaintiff in error was convicted of a misdemeanor in the Criminal Court of Fulton County, November 17, 1950, and sentenced to twelve months upon the public works; that she gave notice of appeal by certiorari from the verdict and sentence imposed, and was admitted to bail pending the disposition of the certiorari, conditioned for her personal appearance to abide the final order, judgment, or sentence in said case; that her case was affirmed by the superior court on certiorari, and she proceeded to carry the case by successive appeals to the Court of Appeals of Georgia, to the Supreme Court of Georgia, and to the Supreme Court of the United States. Her conviction was upheld by the appellate courts, and in due course the remittitur from the Court of Appeals of Georgia was transmitted to and made the judgment of the Superior Court of Fulton County on February 7, 1953. During all of these proceedings the plaintiff in error was free under the bond above referred to. After the remittitur from the Court of Appeals was made the judgment of the superior court, the bond was not forfeited, but the surety on the certiorari bond was notified to surrender his principal. The surety failed and refused to do so, and the plaintiff in error failed and refused to surrender herself, and was thereafter arrested upon a bench warrant and turned over to the prison authorities to serve the sentence previously imposed. After the final judgment in the certiorari proceeding, but before her arrest, her counsel presented to the Judge of the Criminal Court of Fulton County, on February 10, 1953, a motion to vacate and set aside the judgment and sentence in the misdemeanor case upon which a rule nisi was issued. She was arrested on February 24, 1953, and the motion to vacate and set aside the sentence was dismissed on demurrer on March 5, 1953. She then notified the court of her intention to apply for a writ of certiorari from said ruling, and did thereafter on March 16, 1953, present and have sanctioned a petition for writ of certiorari to review the judgment of dismissal. She contends in her habeas corpus petition that her restraint by the prison authorities is illegal for the reason that the original certiorari bond is still of force, and she is entitled to be released thereunder; and further, that if that bond should be functus officio, then the sanction of the petition for certiorari, complaining of the dismissal of her motion to vacate and set aside the judgment, operates to suspend the execution of the sentence until that writ of certiorari is finally determined, and entitles her to another supersedeas bond pending the disposition of that certiorari. Upon the hearing of the habeas corpus petition, the trial judge refused to release th plaintiff in error and remanded her to the custody of the prison authorities. To this judgment she excepts. *Held:*

1. Where, as here, one convicted of a misdemeanor in the Criminal Court of Fulton County has appealed by certiorari and successive writs of error to the Superior Court of Fulton County, the Court of Appeals of Georgia, the Supreme Court of Georgia, and the Supreme Court of

the United States, and the verdict and sentence have been affirmed, and the remittitur from the Court of Appeals of Georgia affirming such verdict and sentence has been made the judgment of the superior court, such verdict and sentence become final; and where the defendant is thereafter arrested, the supersedeas certiorari bond executed in that case is abrogated and becomes functus officio, and the defendant is not thereafter entitled to remain at liberty by virtue of such bond. *Smith* v. *Kitchens,* 51 *Ga.* 158 (21 Am. R. 232); *Colquitt* v. *Smith,* 65 *Ga.* 341; *Roberts* v. *State,* 32 *Ga. App.* 339 (123 S. E. 151).

2. While Code § 27-901 provides that "At no time, either before the commitment court, when indicted, after a motion for a new trial is made, or while a bill of exceptions is pending, shall any person charged with a misdemeanor be refused bail," and Code § 19-214 provides in part that any person who has been convicted in any inferior judicatory of a criminal offense and who shall desire a writ of certiorari to review and correct the judgment of conviction, shall be entitled to a supersedeas of the judgment upon the condition that he file with the clerk of said court a bond payable to the State, in amount and with security acceptable to and to be approved by the clerk, conditioned that the defendant will personally appear and abide the final judgment, order, or sentence upon him in said case, and that, upon the giving of such bond, the defendant shall be released from custody in like manner as defendants are released upon supersedeas bonds in criminal cases where a writ of error has been obtained, and while it has been held in *Allen* v. *Pratt,* 87 *Ga. App.* 704 (75 S. E. 2d, 329), that, under the Code section first above referred to, where one convicted of a misdemeanor moves for a new trial by extraordinary motion, which is entertained and denied, and the defendant presents to the trial court his bill of exceptions assigning error on the ruling denying such motion for a new trial, which is properly certified, the defendant is entitled to be admitted to bail as a matter of right, and it is the duty of the trial judge to assess the amount thereof and allow the defendant to execute a supersedeas bail bond pending the disposition of such bill of exceptions—these Code sections and the decision referred to have no application to the present case, for the reason that the defendant is not a person "charged with a misdemeanor," but has been convicted. She has no motion for a new trial pending and no bill of exceptions complaining of her conviction at the time of her arrest and incarceration, nor did she have any right of certiorari "to review and correct the judgment of conviction in said case." She had already had a review of the judgment of conviction by every court of the land to which she could apply, and the judgment of conviction had become final. The motion to vacate and set aside the verdict and judgment was not an appropriate remedy in a criminal case. *Waits* v. *State,* 204 *Ga.* 295 (49 S. E. 2d, 492). The writ of certiorari to review the judgment dismissing the motion to vacate and set aside the verdict and judgment was not a "writ of certiorari to review and correct the judgment of conviction" provided for under Code § 19-214, and was not a writ or remedy provided by law for reviewing the judgment of conviction referred to in Code § 19-216. See, in this connection, *Cain* v. *Grimes,* 198

*Ga.* 566 (32 S. E. 2d, 302); *Johnson* v. *Aldredge,* 192 *Ga.* 209 (14 S. E. 2d, 757); *Hames* v. *Sturdivant,* 181 *Ga.* 472 (182 S. E. 601).

3. The writ of habeas corpus cannot be used as a substitute for appeal, writ of certiorari, writ of error, or other remedial procedure for the correction of errors of law, of which the defendant has had opportunity to avail himself; nor can it be used as a second appeal or writ of error for such purpose. *White* v. *Hornsby,* 191 *Ga.* 462 (12 S. E. 2d, 875); *Hall* v. *Scoggins,* 202 *Ga.* 198 (42 S. E. 2d, 763); *Bradford* v. *Mills,* 208 *Ga.* 198 (4) (66 S. E. 2d, 58).

4. The trial judge did not err in remanding the petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18232. Argued June 8, 1953—Decided July 13, 1953.

*Wesley R. Asinof, Stonewall H. Dyer, D. L. Stanfield,* for plaintiff in error.

*J. T. Grice, Assistant Attorney-General, John I. Kelley, Solicitor, B. B. Zellars, Assistant Solicitor,* contra.