18416.   FOSTER, Sheriff, *v.* JENKINS *et al.*

HEAD, Justice.   1. There is no merit in the motion to dismiss the writ of error.

2. Under the rulings of this court in *Johnson* v. *Aldredge,* 192 *Ga.* 209 (14 S. E. 2d 757), *Cain* v. *Grimes,* 198 *Ga.* 566 (32 S. E. 2d 302), *Hodges* v. *Balkcom,* 209 *Ga.* 856 (76 S. E. 2d 798), and *Hodges* v. *Bruce,* 209 *Ga.* 871 (76 S. E. 2d 801), the defendants were not entitled to be released on bond, since they were not seeking to review a "judgment of conviction" within the provisions of Code §§ 27-901 and 19-214.

(a) The defendants strongly rely upon the decision of this court in *Sauceman* v. *State,* 209 *Ga.* 60 (70 S. E. 2d 754). The *Sauceman* case does not sustain the contentions of the defendants. Sauceman attacked by certiorari his original sentence, and was therefore seeking to review "the judgment of conviction."

3. After a final "judgment of conviction" is entered, the constitutional right of certiorari still exists to review a judgment revoking a probation-

ary sentence. *Williams* v. *State,* 162 *Ga.* 327, 332 (133 S. E. 843); *Rhodes* v. *State,* 162 *Ga.* 627 (134 S. E. 448); *State* v. *Thompson,* 175 *Ga.* 189 (165 S. E. 34). The defendant has no right, however, to suspend the order of revocation by the giving of a bond, since the final judgment of conviction terminates any right to a supersedeas. *Johnson* v. *Aldredge; Cain* v. *Grimes; Hodges* v. *Balkcom; Hodges* v. *Bruce,* all supra.

4. The probationary sentences of the defendants were not so vague and indefinite as to be incapable of construction. Compare *Cross* v. *Huff,* 208 *Ga.* 392 (67 S. E. 2d 124), and *Morgan* v. *Foster,* 208 *Ga.* 620 (68 S. E. 2d 583). The defendants in their application for habeas corpus are not entitled to review the judgment revoking their probationary sentences, since "habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *Wallace* v. *Foster,* 206 *Ga.* 561 (57 S. E. 2d 920), and cases cited.

5. In the present case the judge of the superior court fixed the amount of a bond and then directed that the bond be approved by the clerk. The judge was not authorized to give direction as to the amount of a bond or as to its approval, and it was error to order the release of the defendants on bond. *Hamilton* v. *Phenix Ins. Co.,* 107 *Ga.* 728 (32 S. E. 705); *Stover* v. *Doyle,* 114 *Ga.* 85 (39 S. E. 939); *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36); *Brown* v. *State,* 124 *Ga.* 411 (52 S. E. 745); *Clark* v. *Morris Plan Bank,* 194 *Ga.* 522 (22 S. E. 2d 147).

*Judgment reversed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954—REHEARING DENIED FEBRUARY 11, 1954.

*John I. Kelley, Solicitor, Broadus B. Zellars, Assistant Solicitor,* for plaintiff in error.

*John Tyler, Wesley Asinof, Marvin O'Neal, Jr.,* contra.

Rufus Jenkins and Eddie Sam Bryant (herein called the defendants) brought a petition for the writ of habeas corpus, asserting that they were being illegally restrained of their liberty by the Sheriff of Fulton County. The defendants had entered pleas of guilty in the Criminal Court of Fulton County to the charge of keeping, maintaining, and operating a lottery, and they were each sentenced to pay a fine of $1,000, work on the public works for twelve months, and serve six months in jail, the public works and jail sentences to be suspended upon payment of the fine on the condition that they "not violate the laws of Georgia." The defendants were given due notice of a motion to revoke the suspended sentences, and after hearing evidence, the Judge of the Criminal Court of Fulton County revoked the.

suspended sentences. The defendants gave notice of their intention to apply for a writ of certiorari to review this order of revocation, and made an oral motion that they be released on bond. This motion was denied. In the petition for habeas corpus the defendants offer to give bond in the sum of $5,000. They aver that they intend to apply for and obtain a writ of certiorari to review the orders revoking their suspended sentences, that the only method for reviewing the orders is by writ of certiorari, and it is a condition precedent to the granting of the writ that they post a good and sufficient bond, conditioned upon their being present to abide the final order, judgment, or sentence upon them. They assert that the refusal to allow them to make bond will deprive them of the right to review the judgment under which they are now detained by the respondent. They prayed that the writ of habeas corpus issue, and that they be released upon making a good and sufficient certiorari bond in the sum of $5,000, or such other amount as may be fixed by the court.

By amendment it was alleged that the order of revocation failed to specify the grounds on which it was based and that no accusation, indictment, or other information has been filed against them in any court charging them with having violated any law of Georgia, and they have not been convicted of any offense since the date of the suspended sentences, and have not, therefore, violated the terms of the sentences. It is also asserted that the original sentences, imposing the condition that they "do not violate the laws of Georgia," were too vague, ambiguous, and indefinite to be susceptible of construction.

On the habeas corpus hearing, the Judge of the Superior Court of Fulton County ordered that the writ be granted, and that the respondent release the defendants from custody "upon their making and filing the usual supersedeas certiorari bond in the sum of $5,000 each, the same to be approved and accepted by the Clerk of the Court, and upon the sanction of the certiorari by a judge of this court." The respondent, in his bill of exceptions, assigns error on this order "as being contrary to law and the evidence in the case, and says that the said judge then and there should have denied the prayers of said petition for habeas corpus and should have remanded the custody of the petitioners to the respondent and should have refused to order the release

of the petitioners from custody upon their making and filing a supersedeas certiorari bond as provided in said judgment or in any other manner."

The defendants have filed a motion to dismiss the writ of error upon the grounds, in substance, that: (1) There is nothing in the law creating the Criminal Court of Fulton County authorizing the solicitors of that court to represent the Sheriff of Fulton County in his official capacity in this court. (2) Paul Webb, Solicitor-General of the Atlanta Judicial Circuit, and the State of Georgia are not made parties to the bill of exceptions, and the bill of exceptions does not show that all who are interested in sustaining the judgment of the court below have been served. (3) A. B. Foster will not be affected by the judgment rendered, since he is a mere nominal party, and the bill of exceptions fails to name the State of Georgia or Paul Webb as a complaining party. (4) The assignment of error in the bill of exceptions is too indefinite to present any question for decision.