### 45847.  BOATNER v. THE STATE.

PANNELL, Judge. The defendant was convicted of the offense of possession of marijuana and sentenced to two years on April 15, 1970. He appealed from the judgment of conviction and sentence to the Supreme Court of this State and before that

court made two motions. One of the motions was that the record be perfected so as to show, as appellant contended, that he had raised questions as to the constitutionality of the statute under which he was convicted; the other motion was that the Supreme Court "set a reasonable supersedeas bond pending the future appeal" of the case, stating as grounds therefor the following: "1. There are substantial appellate arguments presented on the appeal of this case. 2. Defendant received a two-year sentence and there is likelihood that the sentence will be served before the appeal can be completed or that the pendency of this appeal will delay appellant's consideration for parole or work release. 3. Defendant is a young man and offers no danger to the community. 4. There is no likelihood of flight by the defendant. 5. The trial court flagrantly abused its discretion in denying a supersedeas bond, copy of order attached hereto, as shown by the record on file in this court." Attached thereto was a copy of an identical motion made to the trial court (except as to paragraph 5) and the order denying the same entered on September 17, 1970. The Supreme Court denied the motion to perfect the record and by judgment entered on October 23, 1970, transferred the case to this court, which is assigned for hearing at the January term, leaving it for this court to pass upon the motion for supersedeas bond. *Held:*

This court has no jurisdiction to set bonds or bail pending appeal of a conviction of a crime. One convicted of a misdemeanor is entitled to bail pending appeal as a matter of law. Whether or not one convicted of a felony, as in the present case, may secure bail pending appeal, and the amount thereof, rests in the discretion of the trial court. *Code* § 27-901. *Vanderford v. Brand,* 126 Ga. 67 (54 SE 822, 9 AC 617); *Lester v. State,* 33 Ga. 192; *Bishop v. Wilbanks,* 161 Ga. 305 (130 SE 822); *Maddox v. State,* 18 Ga. App. 712 (90 SE 377); *Smith v. State,* 203 Ga. 636 (47 SE2d 866). There is nothing in the record presented to this court upon which we can base a holding that the trial judge abused his discretion. Accordingly, the motion for bail pending appeal is hereby denied.

*Motion denied. Jordan, P. J., and Eberhardt, J., concur.*
DECIDED NOVEMBER 4, 1970.

738

*Albert M. Horn,* for appellant.

*Eldridge W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General,* for appellee.