47367, 47384.   MORRISON v. THE STATE (two cases).

PANNELL, Judge. The defendant was convicted of a misdemeanor and given a probationary sentence. Upon hearing, the probation was revoked, from which revocation of probation the defendant appeals to this court in Case No. 47367. Application for bail was denied by the trial judge, from which denial there is an appeal pending in this court in case No. 47384. The defendant-appellant has filed his motion in this court for an order admitting appellant to bail pending the final determination of these appeals, contending that under Section 7 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 22; *Code Ann.* § 6-1001) he is entitled to bail as a matter of law. "After a final 'judgment of conviction' is entered, the constitutional right of certiorari still exists to review a judgment revoking a probationary sentence. *Williams v. State,* 162 Ga. 327, 332 (133 SE 843); *Rhodes v. State,* 162 Ga. 627 (134 SE 448); *State v. Thompson,* 175 Ga. 189 (165 SE 34). The defendant has no right, however, to suspend the order of revocation by the giving of a bond, since the final judgment of conviction terminates any right to a supersedeas. *Johnson v. Aldredge,* [192 Ga. 209 (14 SE2d 757)]; *Cain v. Grimes,* [198 Ga. 566 (32 SE2d 302)]; *Hodges v. Balkcom,* [209 Ga. 856 (76 SE2d 798)]; *Hodges v. Bruce,* [209 Ga. 871 (76 SE2d 801)], all supra." *Foster v. Jenkins,* 210 Ga. 383 (3) (80 SE2d 277). This court,

therefore, declines to grant the petition for bail or to issue a mandamus nisi or a rule nisi.

*Motion denied. Hall, P. J., and Quillian, J., concur.*
DECIDED JUNE 8, 1972—REHEARING DENIED JUNE 29, 1972
AND JULY 20, 1972.

*William O. Carter,* for appellant.