### 57460. FONG v. THE STATE.

WEBB, Judge.

Donald W. Y. Fong entered a plea of nolo contendere to the offense of theft by taking on June 5, 1978. A sentence of three years was imposed to be served on probation with the condition that Fong pay $22,000 in restitution, $3,666.66 to be paid by September 5. Fong failed to comply and on October 5 a hearing was held and the original probated sentence was revoked in accordance with Code Ann. § 27-2713. On October 24 Fong was sentenced to serve twelve months with the balance of the sentence suspended, and was incarcerated. He filed an appeal from the parole revocation and requested the superior court to set a bail bond pending the appeal. At a

hearing held December 15 the court stated that it would treat the motion as a *"Birge* motion" and hear argument as to whether *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976) and its progeny were applicable to the situation. It appears from the transcript that the judge relied instead on *Morrison v. State,* 126 Ga. App. 565 (191 SE2d 449) (1972) and denied the motion. Fong filed an appeal from this order. His original appeal from the parole revocation was already docketed in this court, and because of the immediacy of the question presented as to whether he is entitled to bail pending resolution of the original appeal, we now consider it prior to argument on the merits of the parole revocation.

We conclude that *Birge,* rather than *Morrison* is controlling here. Based upon *Foster v. Jenkins,* 210 Ga. 383 (3) (80 SE2d 277) (1954) and cits., *Morrison* is limited in its application to parole revocations in misdemeanor cases where supersedeas was sought as a matter of right. The older cases held that such defendants were not entitled to be released on supersedeas bond since they were not seeking to review a "judgment of conviction" within the provisions of Code §§ 27-901 and 19-214. *Morrison* held that they were likewise not entitled to bail as a matter of law under Code Ann. § 6-1001, adopting the reasoning of the older cases that " 'After a final "judgment of conviction" is entered, the constitutional right of certiorari still exists to review a judgment revoking a probationary sentence. [Cits.] The defendant has no right, however, to suspend the order of revocation by the giving of a bond, since the final judgment of conviction terminates any right to a supersedeas. [Cits.]' " 126 Ga. App. at 565.

The grant or refusal of bail in felony cases has always been considered a matter within the sound discretion of the trial court, not to be controlled by appellate courts unless that discretion was flagrantly abused. *Watts v. Grimes,* 224 Ga. 227 (161 SE2d 286) (1968). *Birge v. State,* 238 Ga. 88, supra, involved a felony conviction and did not address itself to whether a distinction exists between supersedeas and bail bonds pending appeal. However, the standards set forth therein adopted ABA recommmendations for procedure *"after a sentence of im-*

*prisonment has been imposed... pending final decision on appeal."* (238 Ga. at 89). (Emphasis supplied.) We consider this broad enough to include an appeal from the revocation of a probated sentence resulting in incarceration, particularly in light of this court's recognition that "a bail bond pending appeal is merely an alternative method (to incarceration) of insuring the defendant's presence when and if the time comes for execution of the sentence." *Riggins v. State,* 134 Ga. App. 941, 944 (216 SE2d 723) (1975).

"The mandate of *Birge v. State,* supra, requires the trial court to address four questions when determining whether to allow an appeal bond: (1) Is there a substantial risk the applicant will flee? (2) Is there a substantial risk the applicant will pose a danger to others or to the community? (3) Is there a substantial risk the applicant will intimidate witnesses or otherwise interfere with the administration of justice? (4) Does it appear the appeal was frivolous or was taken only for purposes of delay? An affirmative answer to any of these questions will support denial of an appeal bond." *White v. State,* 146 Ga. App. 147 (245 SE2d 870) (1978).

" '[A]fter a sentence of imprisonment has been imposed, the question of the appellant's custody pending final decision on appeal should be reviewed and a *fresh determination* made by the trial court.' (Emphasis supplied.) *Birge v. State,* 238 Ga. 88, 89, supra. In doing so, the court must give applicant notice of the hearing and a chance to appear and be heard. At such hearing, 'the trial judge may consider all the evidence adduced at the trial that is pertinent to this determination in addition to such other oral and documentary evidence that he may consider appropriate.' Id. Fn. 1. After the appeal bond hearing conducted in accordance with the above guidelines, the court *must* make its decision as to the granting or denying of the appeal bond by answering the questions set out in the above paragraph. If the answer is 'yes' to any one of the four questions, the court shall then go further and set out its findings in support of its affirmative answer. The answer of 'yes' to any one of the above questions with supporting evidence will support the denial of an appeal bond, absent an abuse of

discretion. The purpose of setting forth the supporting evidence is to give the appellate court the opporunity to determine if the trial court abused its discretion." 146 Ga. App. at 148.

While the trial judge here held a hearing to consider the question of Fong's custody, the only *Birge* issue he addressed was whether there was a substantial risk the applicant would flee. (He concluded there was not.) No evidence was heard and no other *Birge* issue was considered. The failure to comply with the remaining guidelines amounts to an abuse of discretion. In so ruling, we are not directing the trial court to grant bail, but do direct that an immediate hearing be held in accordance with *Birge,* and the reasons for denial be set forth if indeed the bail bond is denied.

*Appeal reversed and remanded with direction. Bell, C. J., and Banke, J., concur.*

DECIDED JANUARY 16, 1979 —
REHEARING DENIED JANUARY 31, 1979 —

*Garland, Nuckolls, Kadish & Cook, Edward T. M. Garland, William M. Warner,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Thomas Hayes, Assistant District Attorneys,* for appellee.