## LOYD v. THE STATE.

1. The trial judge occupies the position of a trior when passing upon the ground of an extraordinary motion for new trial in a criminal case, based upon the alleged bias of one of the jurors. His finding that the juror was impartial will not be reversed, unless it is apparent that he has abused the discretion which the law vests in him in such cases.
2. There was no error in overruling that ground of the extraordinary motion for new trial which was based upon alleged newly discovered evidence, in the absence of supporting affidavits as to the residence, associates, means of knowledge, character, and credibility of the witnesses.

No. 2615. JULY 13, 1921.

Motion for new trial. Before Judge Eschol Graham. Bleckley superior court. April 9, 1921.

*C. A. Weddington, John R. Cooper,* and *W. O. Cooper Jr.,* for plaintiff in error.

*R. A. Denny, attorney-general, M. H. Boyer, solicitor-general,* and *Graham Wright,* contra.

GEORGE, J. Thomas Loyd was indicted and tried for the offense of rape. On the trial of his case the jury returned a verdict of guilty, fixing his punishment at one year in the penitentiary. He made a motion for new trial, which was overruled, and he brought the case to this court, where the judgment of the lower court was affirmed. *Loyd* v. *State,* 150 *Ga.* 803 (105 S. E. 465). At a subsequent term of the court Loyd filed an extraordinary motion for new trial. This motion was overruled and dismissed, after hearing; and that judgment is now before us for review.

1. The first ground of this motion is that the movant has learned, since his original motion for new trial was overruled and the judgment of the lower court affirmed by the Supreme Court, that he can prove that "one of the jurors [J. A. Wade] who tried and convicted him was heard to say, before he was called on the jury, that the defendant, Tom Loyd, ought to be lynched." In support of this ground the affidavit of Willis Dix was offered by the movant and considered by the court. In rebuttal, the State offered the affidavit of the juror directly denying the statements contained in the affidavit by Willis Dix. The issue of fact between the juror and the witness was passed upon by the trial court, and it does not appear that there was any abuse of dis-

cretion in refusing to grant a new trial on this ground. *Hall* v. *State*, 141 *Ga.* 7 (80 S. E. 307).

2. The other ground of the motion is that the movant has learned, since his first motion for new trial was overruled and the judgment of the lower court affirmed by the Supreme Court, that he can prove that the female alleged to have been raped is a " woman of bad character and that she is known as a lewd woman," and that since his motion was overruled and the judgment of the lower court affirmed by the Supreme Court the woman alleged to have been raped stated that she testified against the defendant because she was hired by two men to swear that the defendant raped her. In support of this ground the affidavits of certain witnesses are attached, and the affidavits of the defendant and each of his counsel of record, to the effect that the defendant and his counsel did not know of this evidence and by the exercise of due diligence could not have discovered the same prior to the trial of the case and prior to the overruling of the first motion for new trial. In rebuttal the State offered the affidavit of the female alleged to have been raped, in which she directly denied the statement alleged to have been made by her subsequently to the trial of the case and to the judgment overruling the first motion for new trial. The movant did not present supporting affidavits as to the residence, associates, means of knowledge, character, and credibility of the witnesses upon whose affidavits this ground of the motion for new trial was based. In the absence of such affidavits it must be held that the trial court did not abuse his discretion in denying the extraordinary motion for new trial upon this ground, even if the ground of the motion were otherwise meritorious. *Phillips* v. *State*, 138 *Ga.* 815 (76 S. E. 352).

*Judgment affirmed. All the Justices concur.*