LOWRY, sheriff, *v.* HERNDON; *et vice versa.*

Nos. 11216, 11226. June 13, 1936.

*John A. Boykin, solicitor-general, J. W. LeCraw,* and *John H. Hudson,* for plaintiff in error.

*Whitney North Seymour* and *Sutherland, Tuttle & Brennan,* contra.

Atkinson, Justice. ■ It is declared by statute: "Any attempt, by persuasion or otherwise, to induce others to join in any combined resistance to the lawful authority of the State shall constitute an attempt to incite insurrection." Code of 1933, § 26-902. In *Herndon* v. *State,* 178 *Ga.* 832 (174 S. E. 597), as explained on motion for rehearing in *Herndon* v. *State,* 179 *Ga.* 597, 598, 600 (176 S. E. 620), the statute was construed: "It is immaterial whether the authority of the State was in danger of being subverted or that an insurrection actually occurred or was impending. . . Force must have been contemplated, but the statute does not include either its occurrence or its im-

minence as an ingredient of the particular offense charged. Nor would it be necessary to guilt that the alleged offender should have intended that an insurrection should follow instantly or at any given time, but as to this element it would be sufficient if he intended that it should happen at any time within which he might reasonably expect his influence to continue to be directly operative in causing such action by those whom he sought to induce."

(*a*) Neither as expressed, nor as it was construed by this court, is the above statute void, as violative of the fourteenth amendment of the Federal constitution (Code of 1933, § 1-815), for the alleged reasons (1) that it "denies and unduly restricts freedom of speech and of assembly;" (2) that "it is too vague and indefinite to provide a sufficiently ascertainable standard of guilt."

(*b*) Neither is the statute so construed and applied void as violative of the provisions of article 1, section 1, paragraph 3, of the constitution of the State of Georgia (§ 2-103), which provides: "No person shall be deprived of life, liberty, or property, except by due process of law," for the same above alleged reasons.

(*c*) Neither is the statute so construed and applied void as violative of the provisions of article 1, section 1, paragraph 15, of the constitution of the State (§ 2-115) : "No law shall ever be passed to curtail or restrain the liberty of speech, or of the press; any person may speak, write, and publish his sentiments, on all subjects, being responsible for the abuse of that liberty."

(*d*) Neither is the statute as so construed and applied void as violative of the provisions of article 1, section 1, paragraph 24, of the constitution of the State (§ 2-124) : "The people have the right to assemble peaceably for their common good, and to apply to᾿ those vested with the powers of government for redress of grievances, by petition or remonstrance." The foregoing provisions of the constitutions do not guarantee freedom of speech or the right of assembly in the perpetration of a crime.

■ After conviction of attempting to incite insurrection under the foregoing statute, and affirmance of the final judgment on writ of error to this court, and detention by the sheriff, the court erred, in habeas-corpus proceedings based on alleged unconstitutionality of the statute, in holding the statute violative of the fourteenth amendment to the constitution of the United States (Code of

1933, § 1-815), and also of article 1, section 1, paragraph 3, of the constitution of the State (§ 2-103), in that, relatively to both provisions of the State and Federal constitutions, the statute "is too vague and indefinite to provide a sufficiently ascertainable standard of guilt."

■ The court did not err in refusing to hold the statute void as violative of the several provisions of the State and Federal constitutions on the several other grounds of attack urged against them, as specifically stated in the first division, to which the cross-bill of exceptions relates.

■ Under the pleadings and the evidence, which embraced the record on the trial that resulted in the conviction, the court erred, in the habeas-corpus proceeding, in refusing to remand the prisoner to the custody of the officers.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Russell, C. J., not participating.*

BECK, P. J., concurs in the judgment.