WILLIAMS *v.* THE STATE.

No. 13572. MAY 19, 1941.

*William S. Shelfer,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, A. S. Skelton* and *R. Howard Gordon, solicitors-general, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

BELL, Justice. The extraordinary motion for new trial was not dismissed or otherwise disposed of on inspection of its allegations. On the contrary, the trial judge entertained it for the purpose of investigating the facts, and then, after hearing evidence on both sides, passed an order finding the issues of fact in favor of the respondent, and denying the motion. Thus, even if the allegations themselves should be treated as stating absolute cause for a new trial for the reason that the movant was denied the benefit of counsel and due process, or for other reason, still the case does not come to us as one to be decided as a matter of law on the pleadings, but the substantial question is whether the judge was authorized to find as he did on the evidence. The judge accepted responsibility as a trior of the facts, and his findings thereon if supported by substantial evidence are conclusive. *Loyd* v. *State,* 151 *Ga.* 717 (108 S. E. 55). Putting aside for the moment the contention as to unfaithfulness and dereliction of duty on the part of the appointed attorneys, let us consider whether the evidence was such as to demand a new trial on extraordinary motion, in the interest of justice, but entirely apart from the constitutional right to the benefit of counsel. The happenings in the trial were of course known to the defendant, even what he alleged in regard to disorder in the court-room and disturbance of the jury. He shows this by the allegations in his motion. A motion for a new trial was filed by appointed counsel during the term at which the movant was convicted. Before the motion was heard, employed counsel presumably of movant's own choosing entered the case, filed an amendment complaining specially of various matters, and brought the case to the Supreme Court after such motion as amended was overruled by the trial judge. Moreover, the affidavit made by the movant in support of his present motion shows that all of the matters of

which he now complains, so far as antecedent to the clemency hearing, were well known to him, or could have been discovered by him or his employed attorney, pending his original motion; or, to say the least, in so far as these matters were not embraced in the original motion, the judge hearing the instant motion was authorized to find that they could by proper diligence have been embodied therein. It does not appear that movant was unable for any reason to communicate freely with employed counsel, that he did not know the contents of his original motion, or that he was to any extent ignorant or under any misapprehension as to his rights. No attack whatever is made upon the skill, diligence or faithfulness of such employed attorney. In the circumstances, any matter which could have been complained of in the original motion for new trial would not constitute ground for an extraordinary motion. *Frank* v. *State,* 142 *Ga.* 741 (3, 4) (83 S. E. 645); *King* v. *State,* 174 *Ga.* 432 (2) (163 S. E. 168). It is not only the law of Georgia, but is a generally accepted principle, that extraordinary motions for new trial can not be based upon matters that were known to the movant in time to have had them stated in his original motion, or that could have been discovered in time by proper diligence. *Malone* v. *Hopkins,* 49 *Ga.* 221; Toledo Scale Co. *v.* Computing Scale Co., 267 U. S. 399 (43 Sup. Ct. 458, 67 L. ed. 719); 46 C. J. 243, § 216; 20 R. C. L. 289-291, § 72. Manifestly, the judge was authorized to find that the evidence on which the movant now relies was not newly discovered; and more than this, he could have found that none of it was true, in view of the evidence of appointed counsel as to statements made to them at the trial, when they were seeking evidence favorable to the accused.

Coming now to the question whether the conduct of the trial by appointed counsel was such that the defendant really did not have the benefit of counsel and was thus deprived of a fundamental right in violation of the fourteenth amendment of the Federal constitution (Code, § 1-815), and the guaranty of the constitution of Georgia (§ 2-105), we will say first that apparently most of the matters of fact alleged in the extraordinary motion were set forth therein, more for the purpose of showing that the movant was actually deprived of the benefit of counsel, then with the intention of relying upon them as constituting within themselves sufficient basis for the motion. To relieve possible misapprehension, how-

ever, we have considered them from both viewpoints. In so far as the allegations or the evidence in reference to these matters may have tended to show that movant was deprived of the aid of counsel and thereby denied due process of law, or may have been made or offered for that purpose, we do not deem it necessary to consider whether diligence or lack of diligence on his part should have any bearing whatever on the present inquiry; for, with respect to such constitutional questions, we shall assume that they were presented in a proper manner and within sufficient time, regardless of the antecedent proceedings, or delay from whatever cause. Cf. *Lowry* v. *Herndon,* 182 *Ga.* 582 (186 S. E. 429) ; Herndon *v.* Lowry, 301 U. S. 242 (57 Sup. Ct. 732, 81 L. ed. 1066) ; Brown *v.* Mississippi, 297 U. S. 278, 312 (56 Sup. Ct. 461, 71 L. ed. 270). The trial judge apparently acted upon this assumption, and found on the evidence that the movant did have the benefit of counsel and was afforded due process within the meaning of the State and Federal constitutions.

As to the complaints against the manner in which the trial was conducted, the judge trying the present motion was, under the evidence, authorized to find as follows: (1) That notwithstanding the gravity of the alleged offense, no intricate questions of law or of fact were involved; that all witnesses were present or easily accessible; and that a motion for continuance, if made, would have been without merit. Code, § 27-2002 ; *Kelloy* v. *State,* 151 *Ga.* 551 (107 S. E. 488) ; *Harris* v. *State,* 152 *Ga.* 193 (108 S. E. 777) ; *Ivey* v. *State,* 154 *Ga.* 63 (113 S. E. 175) ; *Cannady* v. *State,* 190 *Ga.* 227 (2) (9 S. E. 2d, 241). (2) That the failure of counsel to introduce the witnesses who it is now claimed would have testified to facts or circumstances indicating self-defense was due to the fact that on inquiry by counsel at the trial these same witnesses were reluctant and virtually disclaimed knowledge of any such facts or circumstances, and that in the situation presented counsel deemed it wise to rely on the defendant's statement and thus secure the concluding argument (*Aldredge* v. *Williams,* 188 *Ga.* 607, 609, 4 S. E. 2d, 469). (3) That, instead of conferring with the accused, only once and briefly, counsel conferred with him several times, and more or less thoroughly. (4) That the failure to object to the alleged illegal and prejudicial testimony was due either to a belief, whether mistaken or not, that objection would merely

emphasize a prejudicial fact which the jury probably knew about already, or that failure to object was a mere oversight, not of such gravity as to leave the accused without representation. (5) That the failure to prosecute the first motion for new trial vigorously, or the inclination not to prosecute it at all, resulted from conscientious belief that no sufficient ground for a new trial existed (see *Fambles* v. *State,* 97 *Ga.* 625, 25 S. E. 625). (6) That appointed counsel, instead of attempting to discourage other counsel from prosecuting the motion, merely undertook to explain why they were withdrawing from the case. The evidence may have shown errors in judgment on the part of counsel, but did not demand the inference that they were unfaithful, or applied so little skill or diligence that the movant was actually deprived of a constitutional right. In *Aldredge* v. *Williams,* supra, it was said that "The attack upon one of the original appointees of the court because of his alleged conduct before the Governor in opposing clemency is irrelevant, since this relates to matters subsequent to and wholly disconnected with the trial, or the motion for new trial, or the former writ of error." Assuming now, however, that such conduct of the attorney as shown in the instant proceedings was relevant and material as tending to support the basic contention that the movant was in fact denied the benefit of counsel, yet under the evidence as a whole the trial judge was not bound to find that the attorney was guilty of infidelity at the time of the trial, or that he did not give substantial aid in the movant's defense. Several witnesses testified that both of appointed counsel were men of good professional and moral character, and that both were well skilled in their profession, one having been a member of the bar for about eight years, and the other for about two years, at the time of the trial.

In the present motion for new trial it was alleged that one of the attorneys testified before the Governor that he would have prosecuted the motion for new trial if he had been paid a fee. On looking to the evidence we find that the statement of the attorney was "Had I been representing Williams and paid a fee for the purpose of gaining time, I would have prosecuted the motion." There is a material difference between the statements. Movant also complained that one of the attorneys actually signed a statement opposing clemency, and in his testimony before the Governor violated the confidence of his former client by quoting a statement by the

latter tending to show guilt. If such or similar statements or matters could be taken as impeaching a verdict conclusively and as a matter of law, then it would be an easy matter for an attorney, after his client has been convicted, to talk away the verdict, if only some other attorney will file a motion for new trial and make proper complaint. We do not mean to intimate, however, that anything of this nature was attempted in the present case. As to personal appearance before the Governor, the evidence authorized the inference that the attorneys did not come voluntarily, but were invited to do so by the Governor because of contentions made in the application for clemency, regarding the manner in which they had conducted the trial. The hearing before the Governor apparently developed a little heat; and with respect to statements then made, the judge could have inferred that the attorneys were goaded to some extent by the charges against them. Even a husband and wife may fall out after living together a long time in harmony; and so with other relations, such as partners, friends, brothers. So, in view of all the evidence heard and weighed by the trial judge, it can not be held by this court that statements made by the attorneys or either of them at the hearing before the Governor, including the alleged violation of confidence and plus even the previous recommendation of one of them in reference to clemency, established conclusively and as matter of law the contention of movant as to both or either of such attorneys that they were unfaithful to him during the trial, or that their services did not amount to aid or benefit of counsel, in a constitutional sense; but under the evidence as a whole the judge was authorized to find against such contention. And this is true in reference to such finding on the principal issue, regardless of whether the circumstances of the clemency hearing may have justified one of the attorneys in divulging to the Governor the former statement of the accused, and however improper the recommendation against clemency to his former client may have been. At most, these circumstances were merely evidential on the issue as to former conduct and attitude, and did not under all the evidence require a finding in movant's favor on that issue.

We have carefully examined the authorities cited by counsel for movant, and do not take issue with the general proposition that if appointed attorneys are so ignorant, negligent, or unfaithful that

the accused was virtually unrepresented, or did not in any real or substantial sense have the aid of counsel, he would be deprived of a fundamental constitutional right, and if convicted might successfully complain that he had been denied due process of law; but the evidence here did not demand a finding that such a state of facts existed with reference to movant; and the judge did not otherwise abuse his discretion in overruling the motion for new trial. This being true, the case does not come within the rulings in the cases cited by counsel for the plaintiff in error, some of them being: Downer *v.* Dunaway, 53 Fed. 2d, 586; Missouri *v.* Jones, 12 Mo. App. 93; People *v.* Schulman, 299 Ill. 125 (132 N. E. 530, 24 A. L. R. 1022, 1025, note); Sanchez *v.* State, 199 Ind. 235 (157 N. E. 1); Brown *v.* Mississippi, supra; Powell *v.* Alabama, 287 U. S. 45 (53 Sup. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527); Johnson *v.* Zerbst, 304 U. S. 458 (58 Sup. Ct. 1019, 82 L. ed. 1461). See also *Fambles* v. *State,* 97 *Ga.* 625 (supra); *Aycock* v. *State,* 188 *Ga.* 550 (10), 567 (4 S. E. 2d, 221); North Dakota *v.* Keller, 57 N. D. 645 (223 N. W. 698, 64 A. L. R. 434, 436, note). *Judgment affirmed. All the Justices concur.*