ANDREWS *v.* ADERHOLD, Warden.

No. 15447.   June 12, 1946.   Rehearing denied July 16, 1946.

*Daisy L. Churchwell,* for plaintiff.

*Eugene Cook, Attorney-General, Charles H. Garrett, Solicitor-General, Victor Davidson, Assistant Attorney-General,* and *R. N. Odum,* for defendant.

Hooper, Judge.   On October 3, 1945, Louise Andrews, the plaintiff ·in error, filed in the City Court of Reidsville her petition for a writ of habeas corpus, naming as the respondent A. C. Aderhold, Warden of Georgia State Prison.   She alleged that he was illegally holding her husband, Sylvester Andrews, a colored man, who was under sentence of electrocution by virtue of his conviction in Bibb Superior Court under an indictment charging him with rape upon one Annie Lee Flanders, a colored woman, now deceased.   It was ·alleged in effect that his conviction and trial were in³violation of his constitutional rights to due process of law and equal protection of the laws, in that he was deprived of his constitutional guarantee of benefit of counsel upon his trial.   Errors alleged to have been committed upon his trial were also set forth.   The grounds of complaint will not be stated here in detail, as they are for the most part, substantially set forth in the opinion rendered by this court in affirming the conviction.   See *Andrews* v. *State,* 196 *Ga.* 84 (26 S. E. 2d, 263).   The writ was issued and the petition was subsequently amended.   To this petition a response was filed allegedly "in the form of a plea of res judicata," which, by agreement of counsel, was first tried.   The respondent in this plea contended that in a number of judgments and decisions rendered subsequently to the conviction "all material questions affecting the jurisdiction of Bibb Superior Court in the original trial had been passed upon," such judgments having been rendered in connection with the following proceedings.

The plea alleged : That the conviction of Sylvester Andrews had been affirmed by the Supreme Court of Georgia (see 196 *Ga.* 84), and that his petition for certiorari to review such judgment had been denied by the United States Supreme Court on October 25, 1943 (see Andrews *v.* Georgia, 320 U. S. 780, 64 Sup. Ct. 87, 88 L. ed. 468). That the judge of the City Court of Macon, sitting in habeas corpus, on January 4, 1944, had refused relief, denied a supersedeas, and that on January 15, 1944, a bill of exceptions had been dismissed by Sylvester Andrews and his present counsel. That Honorable Bascom S. Deaver, judge of the United States District Court for the Middle District of Georgia, after a hearing, had denied a discharge in habeas corpus proceedings filed in that court by Sylvester Andrews on February 11, 1944; that this decision had been appealed to the Circuit Court of Appeals for the Fifth Judicial Circuit, where such judgment had been affirmed (see Andrews *v.* Robertson, 145 Fed. 2d, 101) ; and that on April 9, 1945, the Supreme Court of the United States had refused to review the latter judgment. See Andrews *v.* Robertson, 324 U. S. 874 (65 Sup. Ct. 1013, 89 L. ed. 1427). That the Georgia Supreme Court had refused three described applications of Sylvester Andrews for writs of mandamus to compel Honorable Mallory C. Atkinson, Judge of the Superior Court of Bibb County, to certify bills of exceptions complaining of matters set up in the present petition for habeas corpus.

Upon the hearing the respondent introduced in support of his plea a large mass of documentary evidence, and specific reference to certain portions thereof will subsequently be made. This plea was sustained, and the petition for habeas corpus was dismissed by Judge Cowart on January 15, 1946, and a bill of exceptions was sued out to this court. The substantial question for determination is whether, under the undisputed evidence, the judgment refusing to discharge the prisoner was proper.

■ The principal insistence of the plaintiff in error is that her husband, Sylvester Andrews, in his trial in Bibb Superior Court was not afforded his constitutional right to the benefit of counsel, guaranteed by the Georgia Constitution (Code, § 2-105), and by the due-process and equal-protection clauses of the Federal Constitution. See Ga. Code, § 1-815. The petition attacks the competency of the attorney employed by the defendant's family to represent him upon his trial. From records in evidence it appears that

the same question had been raised before the trial court by amendments to his motion for a new trial following his conviction; that conflicting evidence had been heard by the trial court upon that issue; that the decision of the trial court overruling such ground had been subsequently affirmed by this court (see 196 *Ga.* 84) ; and that a petition for certiorari to review such judgment had been denied by the United States Supreme Court (see 320 U. S. 780). It further appears that no question has ever been raised as to the competency of another and different attorney who represented Sylvested Andrews in connection with said motion for new trial in the lower court and on appeal before this court, and who later sought a review by the United States Supreme Court. In these circumstances the writ of habeas corpus will not lie. *Walker* v. *Clarke,* 150 *Ga.* 98 (102 S. E. 822). The rule is well established that the writ will not be used as a substitute for appeal, writ of error, or other remedial procedure, of which the defendant had the opportunity to avail himself upon his trial. *Kinman* v. *Clark,* 185 *Ga.* 328, 330 (195 S. E. 166), and cases cited; *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469) ; Ex parte Spencer, 228 U. S. 652 (33 Sup. Ct. 709, 57 L. ed., 1010) 39 C. J. S. §§ 7, 8, 16, 21; 25 Am. Jur. §§ 14, 19, 21. See also Adams *v.* U. S. ex rel. McCann, 317 U. S. 269 (63 Sup. Ct. 236, 87 L. ed. 268, 143 A. L. R. 435), which states that "this rule must be strictly observed if orderly appellate procedure is to be maintained." It is true that the error complained of is that the defendant Andrews did not have the benefit of counsel upon his trial, and had not waived the same, and if we assume that to have been true, he would, of course, have been denied a constitutional right. However, the express question as to whether he did have the benefit of counsel was raised before the trial judge whose ruling was affirmed by this court, and the United States Supreme Court declined to interfere. The evidence before the judge amply supported his finding, and this court affirmed the judgment. See also *Williams* v. *State,* 192 *Ga.* 247 (15 S. E. 2d, 219), where a similar issue was raised upon an extraordinary motion for new trial.

As to the other alleged errors claimed in the petition for habeas corpus to have been committed on the trial of Andrews in Bibb Superior Court, each of them was either raised and determined, or could have been raised and determined, in that court, and conse-

quently, under the cases above cited, would not constitute sufficient grounds for discharge on a habeas corpus petition.

■ We consider that we would be justified in resting our decision upon the principles just stated. However, it further appeared without dispute on the trial of this case in the lower court that the same issue (as to whether Andrews had the benefit of counsel on his trial) had been made the subject-matter of a habeas corpus trial in the United States District Court for the Middle District of Georgia, in which the discharge of the prisoner was denied, and that such judgment was affirmed by the Circuit Court of Appeals and a writ of certiorari to review such judgment had been denied by the United States Supreme Court. The question now arises as to whether such decision of the district court is res judicata as to questions raised by the petition for habeas corpus in the instant case.

Upon the trial before Honorable Bascom S. Deaver, judge of such district court, Andrews was represented by competent counsel, and no attack is made upon the jurisdiction of that court. That able judge (since deceased), with his usual clarity and thoroughness, stated his findings of fact and rulings of law. Among other things, he ruled that the legal representation afforded Andrews on his trial did not amount to a nullity, which would have to be found in order to hold that the defendant had been tried without benefit of counsel. The judge held that "a defendant's representation by a licensed attorney of his own choice satisfies the constitutional mandate, and a trial judge has no authority to pass upon the relative merits or capacities of licensed attorneys, or to prevent an employed attorney from representing his client, even though the judge might think the attorney entirely incompetent." Judge Deaver also found that "most of the questions [that is in the habeas corpus proceeding before him] have been determined adversely to petitioner by the Supreme Court of Georgia, and review denied by the Supreme Court of the United States;" and he cited Ex parte Henry Hawk, 321 U. S. 114 (64 Sup. Ct. 448, 88 L. ed. 572), to the effect that where the State courts have adjudicated the merits of such contentions a Federal court will not ordinarily re-examine upon the writ of habeas corpus the questions thus adjudicated.

The foregoing was approved by the Circuit Court of Appeals, its opinion saying in part: "In the absence of proof of such mental

incapacity as flows from an unsound mind, on the part of defendant or his chosen counsel, in such circumstances, this court can not say that due process of law was denied defendant, or that the State court lost jurisdiction of the case." See Andrews *v.* Robertson, 145 Fed. 2d, 101. As above pointed out, a writ of certiorari to review this ruling was denied by the United States Supreme Court. Andrews *v.* Robertson, 324 U. S. 874 (65 Sup. Ct. 1013, 89 L. ed. 1427).

Was the judgment of the Federal District Court, affirmed by the Circuit Court of Appeals and followed by a refusal of certiorari by the United States Supreme Court, sufficient, in and of itself, to require the trial court to refuse relief to the petitioner? Counsel for the plaintiff in error contend that "the common-law doctrine of res judicata does not extend to a decision on habeas corpus refusing to discharge a prisoner." Citing Salinger *v.* Loisel, 265 U. S. 224 (44 Sup. Ct. 519, 68 L. ed. 989).

It is true that such was the rule at common law, which has been adopted in some jurisdictions, and changed by statue in others. See 25 Am. Jur. 250, § 156. In at least three earlier cases, this court has adopted a contrary rule and applied to habeas corpus proceedings the principles contained in the Code, § 110-501, which reads as follows: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." In *Perry* v. *McLendon, 62 Ga.* 598, it was held: "Judgment on habeas corpus being in this State subject to review, especially where the imprisonment is on civil process, is final until reversed; and where the legality of the same cause of imprisonment is twice drawn in question between the same parties by successive writs of habeas corpus before the same court, or before different courts of competent original jurisdiction, the judgment on the former writ may be answered in bar of a discharge under the latter. The matter will be deemed res judicata as to all points which were necessarily involved in the general question of the legality or illegality of the arrest and detention, whether all of them were actually presented or not. It is sufficient if they might have been and ought to have been presented in the exercise of due diligence." The reasons prompting

the court to adopt the above rule, so forcefully stated in that opinion by Justice Bleckley, need not be repeated here. That case was followed and cited with approval in *Day* v. *Smith*, 172 *Ga.* 467 (157 S. E. 639), where this court held that a judgment rendered in habeas corpus proceedings discharging a prisoner should have been admitted in evidence in a subsequent habeas corpus case involving the same cause of restraint as in the first proceeding; and further held that, when in evidence, such previous judgment would constitute res judicata and would require the discharge of the prisoner. That the respondent in the second habeas corpus proceeding was not the same as in the first proceeding was there held immaterial, on the theory that the State, in effect, was the real party at interest in each case. See also *Williams* v. *Lawrence*, 193 *Ga.* 381 (18 S. E. 2d, 463).

■ We are aware of many rulings of our Federal courts to the effect that "the common-law doctrine of res judicata does not extend to a decision on habeas corpus refusing to discharge a prisoner." That statement is contained in Salinger *v.* Loisel, supra, but in the opinion in that case, and in subsequent decisions by that court and various United States circuit courts of appeals, we find that the rule is subject to important qualifications.

In Salinger *v.* Loisel, supra (p. 230), the court said: "But it does not follow that a refusal to discharge on one application is without bearing or weight when a later application is being considered. In early times when a refusal to discharge was not open to appellate review, courts and judges were accustomed to exercise an independent judgment on each successive application, regardless of the number. But when a right to an appellate review was given, the reason for that practice ceased and the practice came to be materially changed—just as when a right to a comprehensive review in criminal cases was given the scope of inquiry deemed admissible on habeas corpus came to be relatively narrowed. The Federal statute . . does not lay down any specific rule on the subject, but directs the court 'to dispose of the party as law and justice may require.' A study of the cases will show that this has been construed as meaning that each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. Among the matters which may be consid-

ered, and even given controlling weight are, (a) the existence of another remedy, such as a right in ordinary course to an appellate review in the criminal case, and (b) a prior refusal to discharge on a like application. . . The officers before whom the second application is made may take into consideration the fact that a previous application has been made to another officer and refused; and in some instances that fact may justify a refusal of the second. The action of the court or justice on the second application will naturally be affected to some degree by the character of the court or officer to whom the first application was made, and the fullness of the consideration given to it." Salinger v. Loisel, supra (pp. 231, 232).

As to the practical effect of such a rule, this comment is made: "In practice the rules we here have outlined will accord to the writ of habeas corpus its recognized status as a privileged writ of freedom, and yet make against an abusive use of it. As a further safeguard against abuse, the court, if not otherwise informed, may on receiving an application for the writ require the applicant to show whether he has made a prior application and, if so, what action was had on it." (p. 232.)

The Salinger case is itself authority for ruling that a discharge on a habeas corpus trial may be denied solely for the reason that there has been a refusal to discharge in a former habeas corpus proceeding. A careful reading of that case will show that a discharge of the prisoner was there denied upon the strength of the adjudication made in previous proceedings brought by the petitioner in other Federal courts. While the decision of the trial court in that case was reversed in part, such reversal pertained only to its refusal to recognize the right of the prisoner to be released upon giving bail, but in all other respects he was remanded to the custody of the respondent.

The Salinger case has been several times cited by the United States Supreme Court, and many times by various circuit courts of appeals. All of those decisions, taken together, will clearly demonstrate that under many circumstances "the doctrine of res judicata" does extend to a decision on habeas corpus refusing to discharge a prisoner, though not in its usually strict and ordinary sense.

In Wong Doo v. United States, 265 U. S. 239, it appears that

the lower Federal courts applied the doctrine of res judicata, and that, while the United States Supreme Court held this to be error, it nevertheless affirmed the judgment, the opinion being in part as follows: "It therefore must be held that in this case the courts below erred in applying the inflexible doctrine of *res judicata*. But it does not follow that the judgment should be reversed; for it plainly appears that the situation was one where, according to a sound judicial discretion, controlling weight must have been given to the prior refusal. The only ground on which the order for deportation was assailed in the second petition had been set up in the first petition. The petitioner had full opportunity to offer proof of it at the hearing on the first petition. . . No reason for not presenting the proof at the outset is offered. . . We conclude that the judgment was right, although a wrong reason was given for it."

In Pope *v.* Huff, 141 Fed. 2d, 727, it was said: "Though the doctrine of res judicata does not apply to habeas corpus proceedings, the fact that the same issues have been decided in a former proceeding may, and sometimes should, as a matter of judicial discretion, be given controlling weight." In Rookard *v.* Huff, 145 Fed. 2d, 708, the United States Circuit Court, District of Columbia, ruled that a trial judge may take judicial notice of the record in a case and, where the habeas corpus petition presented to him discloses the same grounds as in a previous one, he may deny it. In Swihart *v.* Johnson, 150 Fed. 2d, 721, controlling weight was given to the prior adjudication, and the court laid down the following rule: "Each petition is to be disposed of in the exercise of a sound judicial discretion, guided and controlled by whatever has a rational bearing on the propriety of the discharge sought."

There are cases where the Federal courts have refused to recognize previous adjudications, such as Waley *v.* Johnson, 316 U. S. 101 (62 Sup. Ct. 964, 86 L. ed. 1302) in which a previous judgment "rendered on the face of the petition and without a hearing and not shown to have involved the issue raised later by a petition for habeas corpus," was held not res judicata as applied to the latter.

Under the foregoing decisions, we hold that the judge of the City Court of Reidsville could not legally have passed any other judgment than the one rendered, refusing a discharge. The question as to whether Sylvester Andrews had the benefit of counsel, as

stated above, had been adjudicated by Judge Deaver, the judgment affirmed by the Circuit Court of Appeals, and certiorari denied by the United States Supreme Court. The proceedings in the State court had been completed when the petition was presented to Judge Deaver. Authority to entertain habeas corpus proceedings has by Congress been vested concurrently in the United States Supreme Court (Revised Statutes, § 751; 28 U. S. C. A. § 451; Ex parte Rosier, 133 Fed. 2d, 316), which court approves the practice of having such petitions heard in the first instance by the district courts (see Ex parte Hawk, supra); and that procedure was followed in this case, the proceedings having begun in the district court and having ended with the denial of certiorari by the United States Supreme Court.

■ It is contended, however, by the plaintiff in error that the petition for habeas corpus in the City Court of Reidsville contained subject-matter in addition to that contained in previous petitions, including the one heard by Judge Deaver. It is contended that present counsel for the plaintiff in error had been previously requested not to make an all-out attack upon the competency of counsel representing Andrews on his original trial; that previous attacks upon such counsel had been "powder-puff attacks;" and that therefore the judgments in previous proceedings were not controlling. In our opinion the foregoing should not change our ruling in this case. An applicant for habeas corpus may not without excuse withhold allegations from his petition and thereafter use them on a second attempt if the first should fail. Wong Doo v. U. S., 265 U. S. 239 (44 Sup. Ct. 524, 68 L. ed. 999). To reserve such allegations for use in a later proceeding, is "to make an abusive use of the writ of habeas corpus." See Swihart v. Johnson, supra. It appears in the instant case, however, that in each of those proceedings the question at issue was the competency of the original trial counsel, and while the language in the instant petition for habeas corpus might be considered stronger than that in former proceedings, no material allegations of fact were added. Compare Ex parte Cuddy, 40 Fed. 62; Magnilia v. Commander, 5 Fed. 2d, 680; Pope v. Huff, supra.

By nothing we have said above do we wish to minimize the importance of the constitutional guarantee of benefit of counsel, or the place of high privilege universally accorded to the writ of

habeas corpus. That writ may, however, if its use is not reasonably restricted, become an instrument whereby the enforcement of the law could be seriously impeded, if not defeated. As to possible abuses of its use, we call attention to the dissenting opinion by (then) Associate Judge Rutledge of the United States Circuit Court, District of Columbia, in Ex parte Rosier, supra. See also the editorial note following Dorsey v. Gill, 148 Fed. 2d, 857, 870, note 71, citing Freeman on Judgments, as follows: "If a final adjudication upon a habeas corpus is not to be deemed res judicata, the consequences will be lamentable. This favored writ will become an engine of oppression instead of a writ of liberty."

As the judgment of the trial judge in the instant case, refusing a discharge, was based only upon the plea of res judicata and the supporting evidence, we can not be sure that he exercised a judicial discretion in giving controlling weight to the previous judgments in habeas corpus proceedings, or whether he felt bound by such previous adjudications under the doctrine of res judicata as strictly applied. As we view this case, however, the foregoing is not important, as our ruling is that the trial court would not have been authorized to discharge the prisoner, in view of the following: (1) All questions concerning alleged errors or irregularities upon his original trial, including the want of benefit of counsel, were heard and determined by the trial court on motion for new trial. The judgment refusing a new trial was affirmed by this court, and certiorari was denied by the United States Supreme Court. (2) In habeas corpus proceedings before Judge Deaver in the District Court for the Middle District of Georgia, he denied a discharge, which judgment was approved by the United States Circuit Court of Appeals, and certiorari was denied by the United States Supreme Court. Under the Georgia rule as to res judicata, the judgment of Judge Deaver is conclusive upon the petitioner. (3) Such proceedings in the Federal court, even under the modified rule as to res judicata adopted by the United States Supreme Court, required the denial of a discharge.

For the purpose of this decision, it is not necessary to consider the effect of habeas corpus proceedings before Judge Baldwin in the City Court of Macon, nor the proceedings before Judge Mallory Atkinson of Bibb Superior Court, followed by three mandamus proceedings in this court seeking to require Judge Atkinson to certify

bills of exceptions, in each of which cases a mandamus nisi was denied by this court. (Certiorari denied by U. S. Supreme Court, March 4, 1946; motion for rehearing denied April 1, 1946.)

The judgment of Judge Cowart of the City Court of Reidsville, denying to the petitioner the discharge of her husband, Sylvester Andrews, is therefore affirmed.

*Judgment affirmed. Bell, C. J., Jenkins, P. J., Duckworth, Atkinson, Wyatt and Candler, JJ., concur. Head, J., disqualified.*