HALL *v.* SCOGGINS, Sheriff.

No. 15778. MAY 13, 1947.

*George G. Finch,* for plaintiff.

*D. P. Philips, Solicitor, Walter McCurdy, James A. Branch, Thomas B. Branch Jr., H. G. Vandiviere, Solicitor-General,* and *Dorsey & Hames,* for defendant.

BELL, Justice. (After stating the foregoing facts.) The fact that this court denied a petition for certiorari to review the decision of the Court of Appeals, which affirmed the judgment "overruling" the plea of former jeopardy, cannot be taken as an adjudication by this court as to the correctness or incorrectness of such decision; nor does the fact that some of the Justices dissented from such denial necessarily indicate anything more than that the Justices who dissented thought that the question was a

doubtful one, and was at the same time one of such public gravity and importance that it should be inquired into and determined by a decision of this court. See Rules 52, 54; Code, Ann. Supp., §§ 24-4556, 24-4558.

Nor does the present petition for the writ of habeas corpus by its allegations, although averring a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States, require a decision as to whether the legal contention made in such plea of former jeopardy was sound or unsound. This is true for the reason that the petition is a mere collateral attack upon the ruling and the judgment or sentence under which the petitioner is being held, and in no view of the case could it be said that the sentence was void and subject to such attack.

The writ of habeas corpus cannot be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors not affecting the jurisdiction of the court or rendering the judgment void; nor can it be used as a second appeal or writ of error for such purpose. It is an appropriate remedy only when the court was without jurisdiction to render the judgment or sentence under which the petitioner is being restrained, so that such judgment or sentence is not merely erroneous, but is absolutely void. *Kinman* v. *Clark,* 185 *Ga.* 328, 329 (195 S. E. 166); *Aldredge* v. *Williams,* 188 *Ga.* 607 (4 S. E. 2d, 469); *Sanders* v. *Aldredge,* 189 *Ga.* 69 (5 S. E. 2d, 371); Ex parte Bigelow, 113 U. S. 328 (5 Sup. Ct. 542, 28 L. ed. 1005). In re Swan, 150 U. S. 637 (1, 2) (14 Sup. Ct. 225, 37 L. ed. 1207); Frank *v.* Mangum, 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969). "It is a fundamental principle of jurisprudence, arising from the very nature of courts of justice and the objects for which they are established, that a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction cannot afterwards be disputed between the same parties. . . The principle is as applicable to the decisions of criminal courts as to those of civil jurisdiction." Frank *v.* Mangum, supra, pp. 333-4.

Since both the trial court and the Court of Appeals had jurisdiction to deal with the plea of former jeopardy as they did in the original case, it necessarily follows that, whether the rulings and judgments against the plea were correct or incorrect, they were not absolutely void so as to render them subject to collateral

attack by habeas corpus. Nor is the case altered by the fact that a petition for certiorari was denied by this court. *Holder* v. *Beavers,* 141 *Ga.* 217 (2) .(80 S. E. 715) ; *Andrews* v. *Aderhold,* 201 *Ga.* 132 (39 S. E. 2d, 61) ; Ex parte Ulrich (C. C. A.), 43 Fed. 661, reversing the district court, 42 Fed. 587; Beard v. Sanford, 105 Fed. (2d) 141; Caballero v. Hudspeth, 114 Fed. (2d) 545; Velazquez v. Sanford, 150 Fed. (2d) 401 (4). Notwithstanding it was claimed in the Ulrich case, supra, as here, that a plea of former jeopardy had been erroneously overruled and the Fourteenth Amendment was invoked, it was held by the Circuit Court of Appeals that the writ of habeas corpus would not lie, the remedy being a direct appeal or writ of error to review the judgment, and not a collateral attack.

It seems that the Supreme Court of the United States has never passed upon the question as to whether the right to assert former jeopardy as a defense in a State court is included among the rights that are guaranteed by the Fourteenth Amendment. In *Amrine* v. Tines, 131 Fed. (2d) 827, cited for the plaintiff in error, it was said that, "unlike the fundamental right to assistance of counsel granted by the Sixth Amendment to the Constitution, the right not to be twice placed in jeopardy for the same offense, granted by the Fifth Amendment, is not generally regarded as a member of that family of fundamental rights coming within the scope and protection of the due process and privileges and immunities clause of the Fourteenth Amendment." It was further stated that the courts which have had occasion to consider the question have deliberately refrained from completely closing the door to such Federal inquiry, being content with the answer that double jeopardy did not factually exist (in the particular cases) when measured by the Federal rule. Numerous decisions of the Supreme Court of the United States were cited. The court also in that case (Amrine v. Tines) left the question open, stating, "We find it proper to do likewise," and holding that upon the facts of the case double jeopardy was not shown.

While the court elsewhere stated, in effect, that since the right granted and sought to be vindicated was founded in the Federal Constitution, the question whether the applicant had, by his trial and conviction, been twice placed in jeopardy for the same offense, should be governed by the Federal law and not by the law of the

State in which he had been convicted, yet in view of the opinion as a whole, we do not think that the latter statement was intended as a ruling upon the very question which had previously in the same opinion been expressly left open. See also, in this connection, Powell v. Alabama, 287 U. S. 45, 68-69 (53 Sup. Ct. 55, 77 L. ed. 158, 84 A. L. R. 527); State v. Felch, 92 Vt. 477. (105 Atl. 23).

Accordingly, neither do we, in the present case, deem it necessary to decide whether the Fourteenth Amendment comprehends the defense of former jeopardy as one that must be recognized by the State law, for, even assuming that this question should be answered in the affirmative, the State of Georgia does recognize the, principle (Code, § 2-108); and so a mere error as to its applicability or inapplicability in a particular case by a court of competent jurisdiction would not give the right to habeas corpus. under the Fourteenth Amendment. Compare Bergemann v. Backer, 157 U. S. 655 (6) (15 Sup. Ct. 727, 39 L. ed. 845); Central Land Co. v. Laidley, 159 U. S. 103 (2) (16 Sup. Ct. 80, 40 L. ed. 91); Worcester County Trust Co. v. Riley, 302 U. S. 292 (3) (58 Sup. Ct. 185, 82 L. ed. 268); Emmons v. Smitt, 149 Fed. (2d) 869 (5); Duane v. Merchants' Legal Stamp Co., 231 Mass. 113 (120 N. E. 370).

Nothing said in this opinion is intended as a ruling or intimation that the judgment overruling the plea of former jeopardy was in fact erroneous, for, as we have stated, the petition in the instant case does not require a decision upon that question. The case differs materially in its legal aspects from the *Herndon* case, 182 *Ga.* 582 (186 S. E. 429), 301 U. S. 242 (57 Sup. Ct. 732, 81 L. ed. 1066), 184 *Ga.* 613 (192 S. E. 387), where the statute on which the prosecution was founded was assailed as being unconstitutional.

The court did not err in dismissing the petition for habeas corpus, or in remanding the petitioner to custody.

*Judgment affirmed. All the Justices concur.*