## ROBINSON v. ADERHOLD, Warden.

BELL, Justice. In the instant habeas corpus case, brought by one person for the release of another convicted of rape, it was alleged in the petition that the conviction was void for the reason that the accused was deprived of due process of law under the Fourteenth Amendment to the Constitution of the United States, in that an alleged signed confession that was introduced in evidence against him on his trial was not freely and voluntarily made, but was obtained by force and violence and other unlawful means, whereby the accused was required to give evidence tending to incriminate himself. A response was filed and the case was heard and determined by the judge upon evidence introduced by the respective parties. The exception is to a judgment remanding the prisoner to custody. It appears from the record without dispute, that the prisoner, upon his trial under the criminal charge, objected to the admission of the alleged confession in evidence upon substantially the same grounds that were later urged in the petition for habeas corpus, and that the trial court overruled the objections and admitted the statement or confession in evidence. A motion for a new trial complaining of this ruling was denied, and such judgment denying a new trial was affirmed by this court. *Held:*

1. The questions as to the voluntary character of the alleged confession and its admissibility in evidence, having been adjudicated adversely to the accused by courts of competent jurisdiction in the original case, could not be again litigated, by or in behalf of the prisoner, in a habeas corpus proceeding. *Daniels* v. *Towers*, 79 *Ga.* 785 (2) (7 S. E. 120) ; *Walker* v. *Clarke*, 150 *Ga.* 98 (102 S. E. 822) ; *Wells* v. *Pridgen*, 154 *Ga.* 397 (114 S. E. 355) ; *Andrews* v. *Aderhold*, 201 *Ga.* 132 (39 S. E. 2d, 61) ; *Hall* v. *Scoggins*, 202 *Ga.* 198 (42 S. E. 2d, 763) ; Wood v. Brush, 140 U. S. 278 (11 Sup. Ct. 738, 35 L. ed. 505 (5) ) ; in Re Swan, 150 U. S. 637 (1, 2) (14 Sup. Ct. 225, 37 L. ed. 1207) ; Frank v. Mangum, 237 U. S. 309 (35 Sup. Ct. 582, 59 L. ed. 969) ; Ex parte Ulrich, 43 Fed. 661.

2. Moreover, even if it might be assumed that the questions as to the validity and admissibility of the alleged confession were open for a new adjudication in the habeas corpus case, still, under the evidence that was introduced, the judge, sitting as a trior of the facts in such case, was authorized to find, as he did, that the confession had been freely and voluntarily made. See, in this connection, *Claybourn* v. *State*, 190 *Ga.* 861 (1) (11 S. E. 2d, 23) ; *Lewis* v. *Patterson*, 191 *Ga.* 348 (4), 357 (12 S. E. 2d, 593) ; *Williams* v. *State*, 192 *Ga.* 247, 253 (15 S. E. 2d, 219) ; *Mathis* v. *Scott*, 199 *Ga.* 743 (2) (35 S. E. 2d, 285) ; Hawk v. Olson, 326 U. S. 271 (66 Sup. Ct. 116, 90 L. ed. 61). See also *Mangum* v. *State*, 201 *Ga.* 519 (40 S. E. 2d, 423).

3. The facts of the instant case differ materially from those in each of the following cases, cited for the plaintiff in error: Yick Wo v. Hopkins, 118 U. S. 356 (6 Sup. Ct. 1064, 30 L. ed. 220) ; Moore v. Dempsey, 261 U. S. 86 (43 Sup. Ct. 265, 67 L. ed. 543) ; Mooney v. Holohan, 294 U. S. 103 (55 Sup. Ct. 340, 79 L. ed. 791. 98 A. L. R. 406) ; Brown v. Mississippi, 297 U. S. 278 (56 Sup. Ct. 461, 80 L. ed. 682) ; Chambers v. Florida, 309

U. S. 227 (60 Sup. Ct. 472, 84 L. ed. 716) ; Ward *v.* Texas, 316 U. S. 546 (62 Sup. Ct. 1139, 86 L. ed. 1663). None of these decisions would require or authorize a reversal of the judgment in the present case.

*Judgment affirmed. All the Justices concur.*

ATKINSON, Justice, concurring specially. I concur in the judgment of affirmance and in the rulings made in the first division of the opinion.

As to the second division, I think it is inconsistent with the first division. After ruling in the first division that the voluntary character of the alleged confession had been adjudicated in the original case and could not subsequently be again litigated in a habeas corpus proceeding, for the court then in the second division to go into the merits of the evidence adduced in the habeas corpus proceeding and make a ruling thereon, seems to me to be highly inconsistent with established legal precedents cited in the first division.

No. 15819. JUNE 12, 1947.

*S. S. Robinson* and *Hathcock, Milam & Smith,* for plaintiff.

*E. E. Andrews, Paul Webb, Solicitors-General, John Sammons Bell, Assistant Attorney-General,* and *J. W. LeCraw,* for defendant.