23764. GIVENS v. DUTTON, Warden.

SUBMITTED OCTOBER 12, 1966—DECIDED NOVEMBER 10, 1966—
REHEARING DENIED NOVEMBER 23, 1966.

*Sharpe, Sharpe & Hartley, T. Malone Sharpe,* for appellant.
*Arthur K. Bolton, Attorney General, B. D. Dubberly, Jr., Deputy Assistant Attorney General, G. Ernest Tidwell, Executive Assistant Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

GRICE, Justice. A petitioner in a habeas corpus proceeding claiming denial of counsel received a judgment adverse to him and brought this appeal. George L. Givens instituted the proceeding in the City Court of Reidsville against A. L. Dutton, Warden of the Georgia State Prison. His claim pertains to his counsel's failure to appeal from denial of his motion for new

trial and to his being without counsel when such motion was also later dismissed. It is predicated upon specified provisions of the Federal and State Constitutions, embodied in *Code* §§ 1-805, 1-806, 1-815 and *Code Ann.* §§ 2-102, 2-103 and 2-105.

The prayers of his petition include that a judgment of February 6, 1965, denying his motion for new trial, and a judgment December 16, 1965, dismissing that motion, be vacated; that he be remanded to the custody of the Sheriff of Muscogee County; and that thereafter his motion for new trial be re-instated and argument scheduled thereon or that he be allowed to appeal from the orders on such motion.

Upon the hearing the following essential events were shown to have transpired, according to admissions in the pleadings, stipulations concerning court documents, and sworn testimony.

Petitioner was found guilty of murder, with a recommendation of mercy, by the Superior Court of Muscogee County and sentenced to life imprisonment. His counsel in that trial filed a motion for new trial which was denied on February 6, 1965. Petitioner testified that he "kept on after him" to take an appeal from that judgment, that his attorney told him he had filed one and was waiting for the judge to sign it, that at an unspecified time he employed another attorney to aid his counsel, and that this went on until July 16 when he employed still another attorney. On December 10, 1965, his original counsel notified a judge of the Muscogee Superior Court that he was then withdrawing as counsel for petitioner, but that petitioner did not want his "appeal" dismissed. However, no bill of exceptions or appeal had in fact been filed. On December 13, 1965, the solicitor general petitioned for dismissal of the motion for new trial, and on December 16, 1965, the judge entered an order dismissing such motion. Thereafter, petitioner was brought to the Georgia State Prison, where the respondent warden held him pursuant to the sentence.

Petitioner testified that during the six-day period between his original attorney's withdrawal on December 10, 1965, and the order dismissing his motion for new trial on December 16, 1965, he did not have an opportunity to discuss with counsel his case and an appeal. He also stated that upon entry of the

December 16, 1965, order, he sought to be returned to Reidsville in the hope he could there contact a lawyer, but that it was not until either January 18, 1966, or March 18, 1966 (petitioner gave both dates), that he was returned and was able to contact his present attorney.

A prisoner in the same jail testified that in October and November 1965, petitioner made efforts through the jailers and officers to contact other attorneys. Petitioner testified that he had no legal training.

Following the hearing the judge of the habeas corpus court remanded the petitioner to the custody of the respondent and dismissed the petition.

This brings us to a consideration of whether failure of petitioner's counsel to sue out a timely bill of exceptions from the denial of his motion for new trial, under the facts here, violated his right to benefit of counsel under the constitutional provisions relied upon.

To begin with, it is significant that petitioner had counsel not only when his motion for new trial was filed, amended and ruled upon on February 6, 1965, but also during the 30-day period thereafter when a bill of exceptions could have been instituted. His original counsel had not then withdrawn. Thus, the situation is different from absence of legal representation after a death sentence, such as in *Sims v. Balkcom,* 220 Ga. 7 (3) (136 SE2d 766).

Furthermore, here there is no charge by petitioner or showing made that the original counsel who was representing him during the pendency of the motion for new trial, and until December 10, 1965, was "so ignorant, negligent, or unfaithful that the accused was virtually unrepresented, or did not in any real or substantial sense have the aid of counsel . . ." as stated in *Williams v. State,* 192 Ga. 247, 257 (15 SE2d 219). See also *Wilcoxon v. Aldredge,* 192 Ga. 634, 638 (15 SE2d 873).

Whether or not petitioner requested counsel then representing him to take an appeal is not decisive. What is of importance is that in view of the sentence of life imprisonment rather than death and the denial of the motion for new trial, his counsel may have been of the opinion that it was to his client's

best interest to abide by that sentence rather than to appeal and risk a death sentence upon a new trial. Or, after participating in the motion for new trial, counsel may have concluded that none of its grounds was meritorious. No copy of the motion for new trial is included in the record before us.

In *Balkcom v. Roberts*, 221 Ga. 339 (2) (144 SE2d 524), this court held that, "A sentence is not necessarily void where counsel for one convicted of crime declines to appeal his case though requested by his client to do so . . ." It also stated: "His attorneys . . . heard the evidence which the State introduced against him and it is reasonable to assume that they were of the opinion that another trial before a different jury might result in punishment much more severe than he had received. Whether it was advisable and to his best interest to seek and obtain a new trial for him was a decision which his attorneys ought to have made and evidently did make for their illiterate client. . . In the circumstances of this case a holding that counsel's decision not to seek a new trial for their client would void his conviction . . . would in many criminal trials conceivably deprive the accused of intelligent and proper representation in the courts." Pp. 341-342. What was said in the *Roberts* case applies here.

Since no bill of exceptions was filed to review the denial of petitioner's motion for new trial on February 6, 1965, such motion for new trial thereby became extinct. Therefore, the judge's subsequent purported dismissal of that motion on December 16, 1965, was without legal consequence. It follows that whatever may have occurred on the latter occasion could not have affected petitioner's right to benefit of counsel, and need not be considered here.

For the reasons stated above, the evidence at the hearing failed to show that such right was violated. Accordingly, the judgment of the habeas corpus court is

*Affirmed. All the Justices concur.*